FILED
15-0574
8/4/2015 2:55:58 PM
tex-6351416
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

NO. _____

## IN THE SUPREME COURT OF TEXAS

## IN THE MATTER OF R.A.

R.A.,
**PETITIONER**

VS.

STATE OF TEXAS,
**RESPONDENT**

## ON REVIEW FROM THE COURT OF APPEALS FOR THE FOURTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT HOUSTON

## COURT OF APPEALS CAUSE NO. 14-11-00570-CV

## PETITION FOR REVIEW

**CONNOLLY & SHIREMAN, LLP**
**William B. Connolly**
**State Bar No. 04702400**
**2930 Revere, Suite 300**
**Houston, Texas 77098**
**Telephone (713) 520-5757**
**Facsimile (713) 520-6644**
**wbc@conlawfirm.com**

**ORAL ARGUMENT REQUESTED**

**ATTORNEY FOR PETITIONER**

## IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the Texas RULES OF APPELLATE PROCEDURE, Petitioner herewith states that the name of all parties and counsel to this Petition for Review are:

NAME OF PARTY: R.A., Petitioner

Representing Petitioner On Appeal:
William B. Connolly
State Bar No. 04702400
2930 Revere, Suite 300
Houston, Texas 77098
Telephone: (713) 520-5757
Facsimile: (713) 520-6644

Representing Petitioner in Trial Court:
Michael DeGuerin
State Bar No. 00796452
300 Main Street
Houston, Texas 77002
Telephone: (713) 655-9000
Facsimile: (713) 655-1812

NAME OF PARTY: STATE OF TEXAS, Respondent

Representing Respondent on Appeal:
Gail McConnell
State Bar No. 11395400
301 Jackson Street
Richmond, Texas 777469
Telephone: (281) 341-4460
Facsimile: (281) 341-4440

Representing Respondent in Trial Court:
Suzie Johnson
State Bar No. 10688000
Sandra Salas
State Bar No.
301 Jackson, Suite 101
Richmond, Texas 77469
Telephone: (281) 341-4460
Facsimile: (281) 341-4440

## REQUEST FOR ORAL ARGUMENT

Pursuant to the Texas Rules of Appellate Procedure, Petitioner, R.A., respectfully requests the opportunity to present oral argument on this Petition.

# RECORD REFERENCES

**CLERK'S RECORD:**

The pleading records consists of one (1) original Clerk's Record in one (1) Volume and one (1) Supplemental Clerk's Record in two (2) Volumes, which are paginated consecutively and referred to as (CR) or (Supp CR), followed by a volume and/or page reference.

**REPORTER'S RECORD:**

The Reporter's Record from the trial consists of one (1) Volume, which includes the testimony, trial court's rendition and the original exhibits from the Disposition Hearing and are referred to as (RR) followed by a page and line reference.

The Supplemental Reporter's Record consists of two (2) Volumes, which include the testimony, trial court's rendition and the original exhibits from the Disposition and subsequent Hearings. The Supplemental Reporter's Records are referred to herein as (Supp RR) followed by Volume, Page and Line reference.

**STATUTORY CITATION REFERENCES TO TEXAS FAMILY CODE**

Unless otherwise indicated in this Brief, all statutory references are to Texas Family Code.

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

REQUEST FOR ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

RECORD REFERENCES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

APPENDICES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      ISSUE ONE:      Whether an agreed appealable Order which imposes a time limit to request sex offender registration can preclude a party's right to seek registration. . . . . . . . . . . . . . . . . . 4

      ISSUE TWO:      Whether the Court of Appeals had jurisdiction to consider both Orders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      ISSUE THREE:      Whether the trial court committed procedural errors and abused its discretion in ordering non-public sex offender registration and whether the Court of Appeals failed to address all of the issues presented by Petitioner and failed to apply the proper standard of review. . . . . . . . . . . . . . 4

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE ONE. . . . 11

    ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE TWO. . . . 14

    ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE THREE. . 17

CONCLUSION AND PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## INDEX OF AUTHORITIES

### Cases

Bocquet v. Herring, 972 S.W.2d 19 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 19

Ex Parte Austin, 746 S.W.2d 226 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . 12

In re N.J.A., 997 S.W.2d 554 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re S.A.H., No. 14-13-01063-CV
(Tex.App.–Houston [14th Dist.] 2014) (memorandum opinion). . . . . . . . . . . . . . 11

In re T.A.W., 234 S.W.3d 704
(Tex.App.–Houston [14th Dist.] 2007, pet. denied). . . . . . . . . . . . . . . . . . . . . . 13

In the Matter of S.J., 940 SW3d 332 (Tex.App.–San Antonio 1997, no writ). . . . 22

J.K.A. v. State, 855 SW2d 58
(Tex.App–Houston [14th Dist] 1993, writ denied). . . . . . . . . . . . . . . . . . . . . 21, 22

Keehn v. State, 233 S.W. 3d 348 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . 17

Kent v. United States, 383 U.S. 541 (1966). . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001).. . . . . . . . . . . . . . 3, 15, 17

Roberts v. State, 221 S.W. 3d 659 (Tex. Crim. App. 2007.. . . . . . . . . . . . . . . . 18

Roccaforte v. Jefferson County, 341 S.W.3d 919 (Tex. 2011).. . . . . . . . . . 3, 15, 17

Talbot v. State, 93 S.W. 3d 521
(Tex.App.–Houston [14th Dist.] 2002, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 11

Waite v. Waite, 150 S.W.3d 797
(Tex.App.–Houston [14th Dist.] 2004, pet. denied).. . . . . . . . . . . . . . . . . . . . 11

## Statutes and Rules

Tex. Code Crim. Pro. art. 62.352. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-21

Tex. Code Crim. Pro. art. 62.357. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. Code Crim. Proc. art. 62.351.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. Fam. Code §51.0412. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13, 14

Tex. Fam. Code §51.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. Fam. Code §54.03. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. Fam. Code §54.05. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Tex. Gov. Code §22.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

Tex. R. App. P. 27.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14, 15, 17

Tex. R. Civ. P. 301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

## Other Authorities

Tex. Const. Art 1 Sec. 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

U.S. Const. amend V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

U.S. Const. amend. XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

## APPENDICES

APPENDIX "A"- Stipulation of Evidence

APPENDIX "B"- Order of Adjudication

APPENDIX "C"- Order of Disposition

APPENDIX "D"- Order Deferring Sex Offender Registration

APPENDIX "E"- Order for Sex Offender Registration

APPENDIX "F" - Order Appointing William Connolly

APPENDIX "G"- Court of Appeals Judgment

APPENDIX "H"- Court of Appeals Opinion

APPENDIX "I" - Tex. Code Crim. Proc. art. 62.351

APPENDIX "J" - Tex. Code Crim. Proc. art. 62.352

APPENDIX "K" - Tex. Code Crim. Proc. art. 62.357

APPENDIX "L" - Tex. Const. Art. 1 §19

APPENDIX "M" - Tex. Fam. Code §51.0412

APPENDIX "N" - Tex. Fam. Code §51.17

APPENDIX "O" - Tex. Fam. Code §54.03

APPENDIX "P" - Tex. Fam. Code §54.05

APPENDIX "Q" - Tex. Gov. Code §22.001

APPENDIX "R" - Tex. R. App. P. 27.3

APPENDIX "S" - Tex. R. App. P. 47.1

APPENDIX "T" - Tex. R. Civ. P. 301

APPENDIX "U" - U.S. Const. amend. V

APPENDIX "V" - U.S. Const. amend. XIV

**NO. _____**

**IN THE SUPREME COURT OF TEXAS**

**IN THE MATTER OF R.A.**

**R.A.,**
**PETITIONER**

**VS.**

**STATE OF TEXAS,**
**RESPONDENT**

**ON REVIEW FROM THE COURT OF APPEALS**
**FOR THE FOURTEENTH SUPREME JUDICIAL DISTRICT**
**OF TEXAS AT HOUSTON**

**COURT OF APPEALS CAUSE NO. 14-11-00570-CV**

**PETITION FOR REVIEW**

**TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF TEXAS:**

COMES NOW, Petitioner, R.A., and respectfully submits this his Petition for

Review in this cause. For the sake of clarity, R.A., Respondent in the trial court, is

referred to as "Petitioner" in this Petition. The Petitioner in the trial court, THE

STATE OF TEXAS, is referred to as "Respondent" or as the "State."

## STATEMENT OF THE CASE

*Nature of the Case and Parties:*

Juvenile Sex Offender Registration Order
R.A., Petitioner
State of Texas, Respondent

*Trial Court:*

Hon. Susan Lowery, County Court at Law Number 3, Fort Bend County, Texas, Cause No. 07-CJV-013620

*Trial Court's Disposition:*

Order for Non-Public Sex Offender Registration

*Court of Appeals:*

Fourteenth Court of Appeals; opinion Justice Frost, joined by Justices Donovan and Brown. Matter of R.A. No. 14-11-00570-CV, 2015 WL 1956882 (Tex. App.–Houston [14th Dist.] Apr. 30, 2015, pet. filed) Rehearing Overruled: June 23, 2015

*Court of Appeals Disposition:*

Affirmed but Court of Appeals claimed a lack of jurisdiction over the second non-public registration order.

## STATEMENT OF JURISDICTION

This case presents the following points for review presented in three separate discrete issues relative to which this Court has jurisdiction:

1.    Whether the parties can limit, by an agreed juvenile plea, a party's right to invoke a court's jurisdiction on the issue of sex offender registration.

      **Tex. Gov. Code §22.001(a)(3)**;

2. Whether the Court of Appeals erroneously construed a deferral of sex offender registration as a separate appealable order from the disposition hearing thus creating two final appealable orders in the same proceeding and creating a conflict with the Family Code, the Texas Code of Criminal Procedure and the prior holdings of this Court. **Lehmann v. Har-Con Corp.**, 39 S.W.3d 191 (Tex. 2001); **Roccaforte v. Jefferson County**, 341 S.W.3d 919 (Tex. 2011); Tex. R. Civ. P. 301; Tex. Gov. Code §22.001(a)(2) and (3);

3. Whether the Court of Appeals erroneously applied **§51.0412** as a basis for determining the appeal when the proceedings were not incomplete, no evidence of due diligence was offered or found and the statute had no application to the jurisdiction of the trial court. **Tex. Gov. Code §22.001(a)(3)**;

4. Whether the Court of Appeals failed to properly apply **Tex. R. App. P. 27.3** and thereby created two (2) separate final orders in the same case, on the same issues involving the same parties creating a conflict with the Texas Rules of Civil Procedure and previous decisions of this Court. **Lehmann v. Har-Con Corp.**, 39 S.W.3d 191 (Tex. 2001); **Roccaforte v. Jefferson County**, 341 S.W.3d 919 (Tex. 2011); Tex. R. Civ. P.

**301; Tex. Gov. Code §22.001(a)(3)**;

5.   Whether the Court of Appeals failed to assess all of the evidence and thereby failed to apply the proper standard of review. **Tex. Gov. Code §22.001(a)(3)**; and

6.   Whether the errors of law made by the trial court and the Court of Appeals is of such importance to the jurisprudence of this State that it requires correction. **Tex. Gov. Code §22.001(a)(6)**.

## ISSUES PRESENTED

**ISSUE ONE:**   **Whether an agreed appealable Order which imposes a time limit to request sex offender registration can preclude a party's right to seek registration**

**ISSUE TWO:**   **Whether the Court of Appeals had jurisdiction to consider both Orders**

**ISSUE THREE:**   **Whether the trial court committed procedural errors and abused its discretion in ordering non-public sex offender registration and whether the Court of Appeals failed to address all of the issues presented by Petitioner and failed to apply the proper standard of review**

## STATEMENT OF FACTS

The Court of Appeals correctly stated the nature of the case except as more specifically set forth below. Prior to conducting a hearing the trial court heard the arguments over whether or not it had jurisdiction to consider the State's Motion and if it determined that jurisdiction existed would it allow Petitioner to withdraw his

plea. (**RR P12,L5–P25,L10**). The trial court agreed that the statutes being construed were confusing and that the legislature should clear them up. (**RR P25,L7-10**).

Petitioner asserted that due process would not permit the State to request and the Court to impose the onerous and prejudicial act of registration for twenty-five (25) years or some unlimited period of time and to do so would violate both the statutes in the Code of Criminal Procedure and the plea agreement between the parties which terminated the right to request registration upon the completion of probation. (**RR P16,L7-23**). Petitioner had turned eighteen (18) prior to the commencement of the hearing and had been beyond the Trial Court's jurisdiction for over seven (7) months prior to the Motion having been filed. (**RR P19,L9-22**). Following the hearing, the trial court denied Petitioner the right to withdraw his plea, Ordered private registration and authorized Petitioner to Appeal. (**RR P175,L11-19**). While it understood the fairness and unconstitutionality argument, the State asserted that until the statute is held to be unconstitutional, the Court the Court must follow it. (**RR P4,L6-13**). The trial court found that it had jurisdiction to proceed and Petitioner would not be allowed to withdraw his plea. (**RR P25,L4-10**).

On March 5, 2013, the trial court conducted a hearing on its own reconsideration of its June 22, 2011 Order requiring registration. The Court acknowledged at the outset that the reconsideration of the registration order was made

by the Court on its own.  (**Supp.RR1  P9,L14-16 and P12,L20-22**).

Petitioner filed his written objections to Gollaher's Report and the continued non-public registration.  (**Supp.CR2  19**).  Petitioner objected to the Court's consideration of Dr. Gollaher's Report and her opinions because she based those opinions on research data which was not applicable to the evaluation of juvenile offenders.  (**Supp.CR2  19;  Supp.RR1  P9,L7–P11,L8**).  The Court admitted Gollaher's report over objection. (**Supp.RR1  P14,L20–P16,L24**).

Gollaher expressed an opinion that Petitioner should continue to have private (non-public) registration. (**Supp.RR1  P18,L22–P19,L9**).  Although she used the Static 2002 risk measurement and made several decisions based upon it, Gollaher stated that it should not have been used on Petitioner because the risk assessment protocol was not supposed to be used on the juvenile population.  (**Supp.RR1 P19,L13–P20,L1**).

Petitioner was not a high risk for re-offending but his classification as high risk prevented him from going to college. (**Supp.RR1  P57,L13-20**).  Education is a good thing and that if registration prevented him from attending college it would be having a negative impact on Petitioner.  (**Supp.RR1  P59,L5-9**).

On March 6, 2013, the proceeding continued with the testimony of Edward Barnot ("Barnot") from the Harris County Sheriff's Office. (**Supp.RR2  P8,L9-12**).

Barnot was assigned to the compliance section of sex offender registration and tracking unit. (**Supp.RR2 P9,L1-5**). Barnot identified that juvenile sex offenders are registered as either non-public or public. (**Supp.RR2 P11,L4-7**). Even though juvenile files are confidential in the court house, juvenile public registrations are listed on the DPS (Department of Public Safety) websites. (**Supp.RR2 P11,L14-19**).

Barnot was not familiar with the restrictions against any sex offender students attending institutions of higher education but sex offenders must register with the campus police department before they can attend. (**Supp.RR2 P16,L15-24 and P17,L25–P18,L4**). Before a student can attend the school, they have to notify the institution of their status. (**Supp.RR2 P20,L1-8**).

Petitioner's Grandmother, Ana Maria Paredes (**"Paredes"**) testified that after Petitioner graduated from high school, the family went through a special department at Houston Community College ("HCC") in order for Petitioner to attend college. After he was accepted for registration at HCC, and the courses were paid for, he registered at the HCC police department and was told he would not be allowed to attend. Petitioner was crushed. (**Supp.RR2 P25,L16–P26,L13**).

The Court inquired as to how a risk assessment was assigned to Petitioner. According to Suzie Johnson (Assistant District Attorney) this assessment is done by the probation officer based upon a numerical rating compiled through the use of a

form, presumptively issued by the State of Texas. (**Supp.RR2 P29,L4-18**). Upon further inquiry, the Judge was advised that she had the legal authority to override the risk assessment or to modify it. (**Supp.RR2 P29,L23–P31,L24**).

The trial court, decided to keep Petitioner on the non-public registration but reduced his risk level from high risk to moderate. (**Supp.RR2 P44,L18–P46,L2**).

## SUMMARY OF THE ARGUMENT

For over four (4) years, Petitioner has been trying to obtain relief from an order requiring him to register as a sex offender even though the order stems from an agreed juvenile disposition that specifically limited the time frame during which the State could seek registration. While the parties to an agreed disposition cannot agree to confer jurisdiction where none exists, they can and did agree on a time frame within which a party had a right to do so. The Court of Appeals made findings (i.e., that the disposition and sex offender registration issues were not part of the same hearings) that were not supported by the record from the trial court. In doing so, the Court of Appeals erroneously utilized a statute that was completely inapplicable to the facts of the case and, in doing so, disregarded specific elements or requirements of the statute that it relied upon in making its decision. The Court of Appeals thus sidestepped the issue that was presented by Petitioner.

In two separate parts of the Opinion, the Court of Appeals improperly

partitioned the case in a manner that created more than one final appealable order on the same issues, involving the same parties, in the same case in violation of the Texas Rules of Civil Procedure, the Texas Rules of Appellate Procedure and the prior holdings of this Court. By improperly fragmenting the appeal into two (2) different orders, the appeal court held that it did not have jurisdiction because Petitioner was required to have filed two (2) separate notices of appeal, i.e. one from the original order and a second one from the order that followed from the abated appeal and remand back to the trial court in the same appeal. The Court of Appeals again sidestepped the issue presented by Petitioner. In doing so, the Court of Appeals disregarded the requirement that there can be only one final judgment, disregarded the specific rule of Appellate Procedure that states that a separate notice of appeal was not required and disregarded case precedent from this Court that required the Appellate Court to act in a way that preserved the party's right to appeal.

Predicated upon the erroneous holding that it had no jurisdiction over the order issued by the trial court after the abatement and remand, the Court of Appeals failed to address the merits of Petitioner's claims relative to the procedural errors and abuse of discretion. In doing so, the Court of Appeals again sidestepped the merits of the issue presented by Petitioner. The Court of Appeals thus failed to apply a proper standard of review because it did not consider all of the evidence and did not consider

the order issued by the trial court after the abatement and remand. This Court cannot evaluate Petitioner's insufficiency claims in the context of an abuse of discretion because the Court of Appeals chose to disregard its obligation to perform a sufficiency review.

This matters because some of the trial court's findings and orders were not supported by the evidence. The Opinion of the Court of Appeals matters because it articulates holdings that are contrary to the facts of the case and long established rules of civil and appellate procedure. It matters because it goes directly against case precedent from this Court. In the larger context, this Court should accept review because this case has more importance than this particular Petitioner. It matters because how the judiciary decides cases and the process that is employed is both the substance and glue of due process. It matters because it allows only one side to be bound by an agreement. It matters because it does nothing to clarify the confusion that the State, Petitioner and the Court agreed was in the registration statute. It matters because it would require Petitioner to have the burden of proof in a hearing brought by the State to make him register as a sex offender even though he was already exempt from registration. It matters because fundamental fairness and due process require a different approach. It matters because legal and factual sufficiency have to be measured within some standard of review.

10

Petitioner has an immense personal need for this Court to accept review and fix the errors of the Court of Appeals and the trial court. Likewise, the lawyers and litigants in all other cases need for this Court to correct the Court of Appeals and require that Petitioner's case by properly considered on all points.

**ARGUMENT AND AUTHORITIES**

A.    **ISSUE ONE (RESTATED: Whether an agreed appealable Order which imposes a time limit to request sex offender registration can preclude a party's right to seek registration**

B.    **ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE ONE:**

Parties cannot confer jurisdiction by agreement when there is no jurisdiction. **In re S.A.H., No. 14-13-01063-CV (Tex.App.–Houston [14th Dist.] 2014) (memorandum opinion); Waite v. Waite, 150 S.W.3d 797, 800 (Tex.App.–Houston [14th Dist.] 2004, pet. denied)**. However, regardless of jurisdiction, the parties can agree to limit their rights under a statute. **Talbot v. State, 93 S.W. 3d 521 (Tex.App.–Houston [14th Dist.] 2002, no pet.)**. It is done every single day across the State of Texas. The Court of Appeals erred in holding that no such agreement existed. Regardless of which Order Deferring Sex Offender Registration is viewed, they both clearly reflect the agreement of the Petitioner and the State, as part of the disposition proceeding, that sex offender registration was to be deferred. **(CR000050 and CR000104)**. The agreement was part and parcel of the

disposition hearing under **Tex. Fam. Code §54.05** and The Court of Appeals' holding that the issue of registration was not a part of R.A.'s disposition is both legally and factually incorrect. **(OP 20-21)**.

The record reflects the parties made an agreement at the disposition hearing to defer sex offender registration. **(CR000050; 000104)**. The Order Deferring Sex Offender Registration sufficiently reflects facts which contradict the holding of the Court of Appeals. R. A. stipulated and received two years probation. He successfully completed probation in March 2010. **(OP 2-3)**. The agreement clearly states that the issues of sex offender registration had to be dealt with "while on Court ordered probation." **(CR000050; 000104)**. While the statute might give them longer, the crux of the issue presented is whether the State agreed and the trial court approved a significantly shorter period of time, i.e., "while Petitioner was on probation." **(CR000051 and 000105)**.

The agreement that was approved by the Court limited that time the State had to bring its Motion. The State's untimely request either required the Court to decline jurisdiction or allow Petitioner to withdraw his plea agreement. **Ex Parte Austin, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988)**. Petitioner pled for two (2) years probation, treatment and a deferral of registration based on an agreed order that required the State, if it intended to seek registration, to do it by the time Petitioner

completed his probation. **(CR000050; 000104)**.

The Court of Appeals incorrectly concludes that Petitioner did not object to the Court's jurisdiction sufficiently enough to satisfy the elements of **N.J.A.** and the legislation which followed it. **In re N.J.A., 997 S.W.2d 554 (Tex. 1999)**. That case and the statutes which followed related to age and jurisdiction. This case deals with agreed orders and jurisdiction. Petitioner made it abundantly clear that he was objecting to the trial court's jurisdiction. This puts this case in a different light than both **N.J.A.** and the prior ruling of the Fourteenth Court of Appeals on the issue of age and jurisdiction. **In re T.A.W., 234 S.W.3d 704 (Tex.App.–Houston [14th Dist.] 2007, pet. denied)**. In both cases, the complaint to the jurisdiction was not brought the attention of the trial court. **(OP 9)**. However, in this case the Court of Appeals recognized that Petitioner has consistently objected to the Court's jurisdiction. **(OP 3)**. The Court of Appeals erroneously relies upon **§51.0412 Tex. Fam. Code** to support its opinion of extended jurisdiction. That statute deals with incomplete proceedings on motions relative to which the prosecutor would have to establish, and the Court would have to find that the prosecutor established due diligence in an attempt to complete the proceedings before the child turned eighteen or nineteen. This was an appeal from a sex offender registration order made as part of an agreed order on disposition under **§54.05**. This was not an incomplete

proceeding and **§51.0412 Tex. Fam. Code** does not apply. It was in an of itself a final and appealable order as the Court notes in the opinion. **(OP 7)**. **Tex. Code Crim. Pro. art. 62.357(b)**. And even if it did apply, the Court of Appeals completely disregarded the elements of the statute that require the State to prove and the Court to find that due diligence was exercised.

Since the State went against its agreed order entered into as part of a disposition, Petitioner correctly requested the right to withdraw his plea and the trial court and the Court of Appeals have erroneously denied his request. Because of Petitioner's current age, reversal of the whole case creates a whole array of issues and unintended consequences. The appropriate remedy is that the Order for Sex Offender Registration should be reversed and set aside. In the alternative, the case should be reversed and remanded.

A.   **ISSUE TWO (RESTATED):   Whether the Court of Appeals had jurisdiction to consider both Orders**

B.   **ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE TWO:**

The Court of Appeals has incorrectly held that the trial court issued two (2) final appealable orders in the same case. **(OP 18)**. Despite the existence of a very specific appellate rule on this very issue, i.e. that an appeal of an order that gets modified in any way is covered by the first notice of appeal, the Court of Appeals has held to the contrary. **Tex. R. App. P. 27.3. (OP 14-16**). The Notice of Appeal complained of

the sex offender registration. The Sex Offender Registration Order is part of both orders and was part and parcel of the same proceeding, in the same case, on the same subject matter, during an abated appeal which was subsequently reinstated. **(OP 4)**. Petitioner timely and properly invoked the Appellate Court's jurisdiction. There is no procedural mechanism to file a second Notice of Appeal in the same case complaining about the trial court's actions with respect to the same motion and same order during a period of abatement and remand. The Court of Appeals erroneously endorsed the possibility that two (2) separate judgments could come from the same proceeding on the same issues with the same parties on an abated appeal. **Tex. R. App. P. 27.3**. There can only be one final judgment in each case. **Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001)**. The Opinion of the Court of Appeals created two final appealable orders on the same issue. To be final, a Decree has to resolve all issues as to all parties. **Tex. R. Civ. P. 301.** This Court has held that orders must be read in light of preserving a party's right to appeal. **Lehmann, 39 S.W.3d 191 at 206**. In another case, this Court held that even if the trial court did not expressly modify a judgment for purposes of **Tex. R. App. P. 27.3** it did so implicitly. **Roccaforte v. Jefferson County, 341 S.W.3d 919, 924-25 (Tex. 2011)**.

In this case, both orders deal with non-public sex offender registration. The first order did not contain a risk assessment. It had been imposed by the juvenile probation

department and the Court was unaware of the assessment. The second order, after abatement and remand, kept the same non-public registration but modified the first order by adding a lower risk assessment to the order. **(Supp. CR0003)**. This order incorrectly cites it to be a deregistration request of Respondent. This is factually incorrect. The Court recognized that the abatement and remand was at the trial court's Motion, not Respondent's. **(OP 4)**. Respondent did originally request deregistration after the abatement order was issued but then withdrew it. **(Supp.RR1 P12,L21-23 and P13,L5-10; Supp.RR2 P32, L25–P34,L3)**. The Court of Appeals's opinion that the second order did not modify the first order is not supported by the record. **(OP 18)**. The whole point of the abatement and remand was to see if the trial court would modify the order and possibly moot the appeal. **(OP 4)**. The first order did not contain a risk assessment. However, a risk assessment was subsequently imposed. The trial court modified the first order to include one and lower the risk level. **(Supp.RR P44,L25–L46,L2)**. The trial court had indicated that in the first hearing she had overridden the risk assessment but it had apparently been imposed anyway and that it was her intention to amend the prior order on findings of risk. **(Supp.RR P20,L4–P32,L12)**.

By adding a risk assessment to the second order, the trial court clearly modified the first order. Accordingly, the Court of Appeals had jurisdiction over both orders.

**Tex. R. App. P. 27.3; <u>Lehmann</u>, 39 S.W.3d at 206; <u>Roccaforte</u>, 341 S.W.3d at 924-25.** Accordingly, the Court should properly consider both orders and then reverse and render. In the alternative, the Court should reverse and remand for proceedings consistent with the Opinion of this Court.

**A.    <u>ISSUE THREE (RESTATED)</u>:  Whether the trial court committed procedural errors and abused its discretion in ordering non-public sex offender registration and whether the Court of Appeals failed to address the issues presented by Petitioner and failed to apply the proper standard of review**

**B.    <u>ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE THREE</u>:**

Petitioner initially complained that the trial court committed procedural errors and an abuse of discretion in ordering the sex offender registration. The Court of Appeals improperly dismissed these claims without fully addressing them. **(OP 19, 22). Tex. R. App. P. 47.1; <u>Keehn v. State</u>, 233 S.W. 3d 348 (Tex. Crim. App. 2007)**. The Court considered some of the evidence from the court below but without any context as to legal or procedural prerequisites or burden of proof. **(OP 22, FN 7)**. Morever, the Court of Appeals correctly pointed out that legal and factual sufficiency reviews are relevant factors in determining abuse of discretion. **(OP 22)**. The Court of Appeals then compounded the procedural errors and abuse of discretion of the trial court by failing to consider all of the evidence and one of the orders. This created an impossible scenario where Petitioner might prevail on the first order in the Supreme

Court, but lose on the second order even though the second order came out of the same proceeding and clearly changed and modified the first order. The Court of Appeals disregarded the appropriate standards of review in evaluating an abuse of discretion by merely saying in a footnote there was enough evidence so we do not have to consider this point. Consequently, this higher Court cannot properly assess whether the Court of Appeals applied the correct standard of review to the errors assigned. **(OP 22, FN 7)**. The Court of Appeals cannot evaluate the evidence it has chosen to disregard. **Roberts v. State, 221 S.W. 3d 659, 664 (Tex. Crim. App. 2007)**. The Supreme Court cannot determine if the correct standard of review was applied by the Court of Appeals if an incomplete review was undertaken. This procedural error is evidenced by the Court's refusal to consider the second order or the evidence at the second hearing. (See Argument and Authorities in Support for Issue Two, above.)

If the State is required to bring a Motion on a child who is otherwise exempt from registration, Petitioner's challenges to the standards, burden of proof and constitutionality of the statutes involved deserved more than a cursory dismissal. Moreover, the sufficiency of the evidence challenges to support the registration order cover all aspects of the Order, including findings in the Order that Petitioner had not successfully completed sex offender treatment. **(CR 000160); (OP 3-4)**. The fact that he has successfully completed the sex offender treatment was not ever really contested

in any of the hearings, whether from his probation officer **(RR P48,L18–P49,L16; P51,L10–P52,L17)**; his mother **(RR P135,L7-23)**; his Sex Offender Treatment Provider, Harvey Rosenstock, M.D. **(RR P149,L14–P150,L1; P156,L16-21; P159,L15–P160,L15)**. The State agreed that Petitioner had completed sex offender treatment. **(State's Reply Brief P6-7)**.

When there is no evidence to support a finding by the trial court then an Appellate Court should find that an abuse of discretion has occurred. **<u>Bocquet v. Herring</u>, 972 S.W.2d 19, 21 (Tex. 1998)**. However, the Court below simply dismisses the challenge by saying that whether he completed treatment or not, it does not matter. **(OP 14)**. However, it does matter. It matters Petitioner was exempt from registration under the statute. **Art. 62.352(c)**. It matters because it puts the burden of proof on the State relative to a hearing conducted under this subchapter. **<u>Id</u>**. It would be quite unconstitutional to hold that Petitioner has a burden of proof on the State's Motion to register when he was already exempt from registration. **<u>Id.</u>**

The State adduced no evidence of a single act, event or condition between the fall of 2009 and 2013 that Petitioner posed a risk to the public or that would in any way support the registration. The State offered no evidence of the benefits of registration or how the public interest would be served by registration.

After registration is deferred (by agreement in this case) and a Respondent

enters treatment, the statutes shift the burden to the State to bring the Motion. **Id.** There are two (2) specific limitations on how the case and this issue should be determined. First, the specific language of the plea agreement and agreement to defer registration. (**CR00049 and 000103**). Second, the limitations of the statutory language. Under the State's interpretation, the Respondent would have the burden of proof on the State's Motion. This argument fails especially in light of Respondent's successful treatment and completion of probation. Under the statute, Petitioner was already exempt. **Tex. Code Crim. Pro. art. 62.352(c).** Under the State's interpretation, a person who is exempt from registration would have the burden of persuasion on a Motion brought by the State to establish an exemption he had already achieved. The State suggests that it would be awkward for the State to assume the same burden as a Respondent. (**State's Brief 22**). It is no less awkward than having a burden of persuasion on your opponent's Motion seeking to undo a status you have already achieved, i.e., exemption. Since the Legislature made it the responsibility of the State to bring a later Motion, required that it be brought in accordance with the requirements of exemption statutes and presumed an exemption in circumstances such as this case, it seems clear that the Legislature was imposing a burden on the State at the post treatment hearing rather than the Respondent. Once the court had deferred registration it would be constitutionally impermissible to put a burden on Petitioner

seeking exemption from the requirement of registration under **Tex. Code Crim. Proc. art. 62.351** and **62.352** but put no concurrent burden on the State if it is seeking to have the same Respondent register. Furthermore, while there is case law that provides that registration is not a punishment, there is nothing in the construction of these statutes which would support such a twisting of the burdens of proof and persuasion in a quasi-criminal case. **Tex. Fam. Code §51.17, §54.03**. Such an interpretation rises to the level of violations of due process. Petitioner has a liberty interest and due process interest to be protected in a juvenile proceeding. **J.K.A. v. State, 855 SW2d 58 (Tex.App–Houston [14ᵗʰ Dist] 1993, writ denied); U.S. Const. amend. XIV**. While registration may not be punishment in the eyes of some courts, it does restrict a person's liberties, restricts where they can live, what kind of job they can have and where they can go to school to name a few. The consequence of this statute and the Court's Order has affected and does affect Petitioner's liberties. In the hearing after remand, the uncontradicted evidence established that Petitioner was denied the right to attend HCC specifically because of his status as a non-public registered sex offender. When such restrictions arise as a consequence of a quasi-criminal proceeding, the process must be fundamentally fair and have all of the requisites of due process. **Kent v. United States, 383 U.S. 541 (1966)**. A statute that, by application, requires a Respondent to carry the burden on a Motion brought by the

State which impacts Petitioner's fundamental liberty interests, violated Petitioner's due process rights under the Constitutions of Texas and the United States. **Tex. Const. Art 1 Sec. 19; U.S. Const. amend V, XIV**. Juvenile proceedings and application of orders derived out of statutory provisions that impact the liberty interests of a child are protected by due process provisions of the Constitution. **In the Matter of S.J., 940 SW3d 332, 339 (Tex.App.–San Antonio 1997, no writ); J.K.A. v. State, 855 SW2d 58 (Tex.App.–Houston [14th Dist.] 1993, writ denied**. Accordingly, the Court should find that the State had the burden on its own Motion and that it failed to meet that burden. In the alternative, if the court should find Petitioner had a burden on the State's Motion, the statue imposing such a burden is unconstitutional as applied to Petitioner. It matters because it was part of the Agreed Order Deferring Sex Offender Registration. **(CR 000049; 000103)**. And it matters because the legal and factual sufficiency of the evidence has to be measured within some standard of review.

Accordingly, Petitioner requests that this Court reverse the opinion of the Court of Appeals, articulate and apply the correct standard of review and reverse and render the decision that the trial court should have rendered on the State's Motion. In the alternative, the Court should reverse and remand for proceedings consistent with the Opinion of the Court.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Petitioner prays that this Court grant his Petition for Review, vacate the order of the trial court requiring Petitioner to register and reverse and render or, in the alternative, reverse and remand.

Petitioner prays for general relief.

Respectfully submitted,

CONNOLLY & SHIREMAN, LLP

/s/ William B. Connolly
William B. Connolly
State Bar No. 04702400
2930 Revere, Suite 300
Houston, Texas 77098
Telephone (713) 520-5757
Facsimile   (713) 520-6644
wbc@conlawfirm.com

ATTORNEY FOR R.A.

# CERTIFICATION

I, William B. Connolly that this Petition for Review was prepared with WordPerfect 12, and that, according to that program's word-count function, the sections covered by Tex. R. App. P. 9.4(i)(1) contain <u>4,490</u> words.

/s/ William B. Connolly
William B. Connolly

# CERTIFICATE OF SERVICE

I certify that a true copy of the above Petition for Review was served on:

Gail McConnell, Assistant District Attorney, Appellate District Attorney for Fort Bend County, 301 Jackson Street, Richmond, Texas 77469 – **_via e-mail_** **_Gail.McConnell@co.fort-bend.tx.us_**

on this the <u>4th</u> day of August, 2015.

/s/ William B. Connolly
William B. Connolly

# APPENDIX "A"

CAUSE NO. 13620

| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW NO. 3 |
|---|---|---|
| | § | OF FORT BEND COUNTY, TEXAS |
| ███████████ | § | SITTING AS A JUVENILE COURT |

## STIPULATION OF EVIDENCE

Now comes ███████████ the child in the above entitled and numbered cause, in writing and in open Court, and consent to the Stipulation of Evidence in this case and in so doing acknowledge that I understand the nature of the charges against me. Accordingly, I waive the appearance, confrontation, and cross examination of witnesses, the right to a trial and the right to a trial by jury, my right against self-incrimination, and further consent to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. Having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that the facts constitute the evidence in this case, and do hereby enter my plea of TRUE to the allegations in the petition filed against me:

I was born on ███████

That ███████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly cause the penetration of the mouth of "Bo Pilgrim", a pseudonym, a child who was then and there younger than 14 years of age and not the spouse of the Respondent, by the Respondent's sexual organ; and that this act is a violation of section 22.021 of the Texas Penal Code.

Additionally, that ███████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly engage in sexual contact with "Bo Pilgrim", a pseudonym, a child younger than 17 years and not the spouse of the said Respondent, by then and there having "Bo Pilgrim", a pseudonym, touch part of the genitals of the said Respondent with intent to arouse and gratify the sexual desire of the said Respondent; and this act is in violation of section 21.11 of the Texas Penal Code.

_____
Child

_____
Attorney for Child

SWORN TO AND SUBSCRIBED before me and undersigned authority on this 14th day of _March_, 20 08.

DIANNE WILSON, COUNTY CLERK
FORT BEND COUNTY, TEXAS

BY: _____
Deputy **KATHY EDWARDS**

APPROVED BY:

_____
Assistant District Attorney

APPROVED BY THE COURT:

_____
Judge Presiding

FILED FOR RECORD

A.M.
P.M.

NO_____ TIME_____

MAR 1 4 2008

_____
County Clerk Fort Bend Co. Tex.

# APPENDIX "B"

CAUSE NO. 13620

IN THE MATTER OF §   IN THE COUNTY COURT AT LAW NO. 3

§   OF FORT BEND COUNTY, TEXAS

████████████████   §   SITTING AS A JUVENILE COURT

## ORDER OF ADJUDICATION

On the 14th day of __March__, 20 08, came to be heard the above cause and present were Petitioner, by and through the Assistant District Attorney; the child, ████████████████ in person and represented by MICHAEL DEGEURIN, JR, the attorney; and ████████████ and ██████████████, parent(s)/guardian(s) of the child. All parties announced ready for the hearing. The parties were advised about the allegations made against the child, the nature and possible consequences of the proceedings, the child's privilege against self-incrimination, and the child's right to a trial and trial by jury, all which were rights waived by the child and the child's attorney. The Court then proceeded to consider the pleadings, evidence, and arguments of counsel. After reviewing the evidence, the Court finds beyond a reasonable doubt that the child, who was born on ██████████████ is a child who engaged in delinquent conduct, to wit:

That ██████████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly cause the penetration of the mouth of "Bo Pilgrim", a pseudonym, a child who was then and there younger than 14 years of age and not the spouse of the Respondent, by the Respondent's sexual organ; and that this act is a violation of section 22.021 of the Texas Penal Code.

Additionally, that ██████████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly engage in sexual contact with "Bo Pilgrim", a pseudonym, a child younger than 17 years and not the spouse of the said Respondent, by then and there having "Bo Pilgrim", a pseudonym, touch part of the genitals of the said Respondent with intent to arouse and gratify the sexual desire of the said Respondent; and this act is in violation of section 21.11 of the Texas Penal Code.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that ██████████████ is a child who did engage in delinquent conduct.

The Court then closed the adjudication hearing.

Signed this the 14 day of __March__, 20 08.

Judge Presiding

FILED FOR RECORD

NO_____ TIME_____ A.M. / P.M.

MAR 1 4 2008



County Clerk Fort Bend Co. Tex.

The child and parties were informed in Court of the right to appeal pursuant to Chapter 56 of the Texas Family Code.

Cause#: 13620 CRT04436203
JUVENILE   1283JU   000041

8

Signed this the 1st day of March , 2008 .

_(signature)_
Judge Presiding

LEFT THUMB
PRINT



FILED FOR RECORD
                                    A.M.
NO_____TIME_____  P.M.

MAR 1 4 2008

County Clerk Fort Bend Co. Tex.

000042

# APPENDIX "C"

CAUSE NO. 13620

IN THE MATTER OF                    §          IN THE COUNTY COURT AT LAW NO. 3

                                               §          OF FORT BEND COUNTY, TEXAS

██████████████████            §          SITTING AS A JUVENILE COURT

### ORDER OF DISPOSITION FOR PROBATION AND CONDITIONS OF PROBATION

On this the 14th day of _March_, 20 08, the Court reconvened the proceedings in the above entitled and numbered cause. After previously finding that the child ██████████ was a child who did engage in delinquent conduct. After due notice to all parties as required by Texas Family Code section 53.06, came the Petitioner, by and through the Assistant District Attorney; the child, ████████████████ in person and represented by MICHAEL DEGEURIN, JR, the attorney; and ████████████ and ██████████████ parent(s)/guardian(s) of the child. All parties announced ready for the disposition hearing. After reviewing the evidence the Court finds that because the child is in need of rehabilitation and for the protection of the public and of the child, a disposition must be made.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT ████████████ is hereby placed on probation beginning the 14th day of _March_, 20 08, for a period of 24 months or until further order of this Court, subject to modifications, extensions, or revocation, with the following terms and conditions:

1. I will not violate any laws of the United States or any City, County, or State.

2. I will report to the Fort Bend County Juvenile Probation Department in person and as instructed during normal working hours beginning on the 14th day of _March_, 20 08, for the entire term of my probation.

3. I will attend school every day, unless I have an excused absence as defined by the school's rules, and obey all school rules and regulations. Or, if approved by the Court and the Fort Bend County Juvenile Probation Department, I will attend an accredited G.E.D. course until successful completion. I will advise the Fort Bend County Juvenile Probation Department in writing within forty-eight (48) hours of any change in school enrollment or status.

4. I will be in my home or accompanied by a parent or guardian at all times except when *or other Responsible adult over 21 years of age, as* attending school, a school activity, or a church function, and then only with the consent *designated by Court or probation.* of my parent or guardian.

5. I will reside within *Harris* ~~Fort Bend~~ County, Texas, and advise the Fort Bend County Juvenile Probation Department in writing forty-eight (48) hours before any change of address.

6. I will not associate in any way with persons on adult or juvenile probation or parole, *Except Edgar Alejandro* persons who violate the law, persons who are known to be associated with gangs, or *Alex Paredes* persons currently involved in using drugs, alcoholic beverages, and/or inhalants. More specifically, I also will not have any contact in any way with _____, pursuant to Texas Family Code section 54.041.



13. Additionally, the child is to comply with the following:

_____
_____
_____

*The Court makes the following additional findings:*

### EDUCATIONAL NEEDS

____ The Court finds that the educational needs of ███████████████ were assessed in the written Social History prepared by the Fort Bend County Juvenile Probation Department and will be appropriately addressed while ████████████ s on probation.

_X_ The Court finds that ███████████████ has the following educational needs:
ALL ACADEMIC NEEDS WILL BE MET BY THE HARPER-CROSSROADS PROGRAM IN THE HOUSTON INDEPENDENT SCHOOL DISTRICT

### COURT COSTS

The Court finds that ███████████ and ██████████████ is/are the person(s) responsible for supporting ████████████, and after notice was/were given a reasonable opportunity to be heard concerning the ability to pay a fee as costs of court of $20.00.

√ The Court finds that said person(s) is/are/able to pay a fee as costs of Court in the amount of $20.00, to be paid by the _14_ day of _July_, 20_08_.

____ The Court finds that the said person(s) is/are unable to pay a fee as costs of Court, and it is hereby waived.

### PROBATION FEES

The Court finds that ███████████ and ██████████████ is/are the person(s) responsible for supporting ████████████ and after notice was/were given a reasonable opportunity to be heard concerning the ability to pay a monthly probation fee of $15.00 per month for the period the child is on probation.

√ The Court finds that said person(s) is/are able to pay a monthly probation fee in an amount of $15.00 per month during the term of the child's probation beginning the _14_ day of _March_, 20_08_.

____ The Court finds that said person(s) is/are unable to pay a monthly probation fee, and it is hereby waived.

*Additionally, the Court finds that said person(s) is/are able to pay the following fees as assessed by the Court:*

____ Fees associated with drug testing and/or test verification.

√ Fees associated with counseling services of any kind provided by and/or through the Fort Bend County Juvenile Probation Department.

000047

I. _____ Attend the Fort Bend County Juvenile Justice Alternative Education Program (JJAEP) every day unless I have an excused absence as defined by the school's rules, and obey all rules and regulations until properly discharged by the authorities of said program and approved by the Court.

J. _____ **_STAR PROGRAM_**: ████████████████ is hereby ordered to attend and participate in the S.T.A.R. Program until properly discharged by the authorities of the program or further order of the Court. I will obey all rules and regulations of said program.

K. _____ **_IN-HOME BOOT CAMP_**: ████████████████ is hereby ordered to attend and participate in the Fort Bend County In-Home Boot Camp program until properly discharged by the authorities of the program or further order of the Court. I will obey all rules and regulations of said program. *(See attached order and additional conditions)*

L. _X_ **_PLACEMENT_**: ████████████████ is hereby ordered to attend and participate in the HARPER-CROSSROADS@HOUSTON INDEPENDENT SCHOOL DISTRICT program. ████████████ will obey all rules and regulations of the program until properly discharged by the authorities of the program and approved by the Court. ████████████████ will follow any and all aftercare recommendations made by the program and/or the Juvenile Probation Department. Additionally, ████████████ will participate in all pre-release and post-release placement counseling groups offered through the Fort Bend County Juvenile Probation Department's Psychology Division. *(See attached order and additional conditions).*

M. _X_ **_INTENSIVE SUPERVISION PROGRAM (ISP)_**: ████████████████ is hereby ordered to participate in the ISP Program for a minimum of 90 days which includes reporting weekly at the direction of the Fort Bend County Juvenile Probation Department and attending weekly counseling as directed by the Fort Bend County Juvenile Probation Department, until modified or discharged by the Court.

N. _X_ **_SEX OFFENDER CASELOAD_**: ████████████████ is hereby ordered to participate on a specialized sex offender caseload and remain on said caseload until properly discharged by the authorities of the caseload or further order of the Court. I will obey all rules and regulations of said caseload program. *(See attached order and additional conditions).*

O. _____ **_T.C.O.M.I._**: ████████████ shall be screened for the T.C.O.M.I. Turnaround Counseling Program and if deemed suitable and meets program requirements, attend and follow all rules and regulations of the said program until successful completion and/or discharge by the Court and/or the Fort Bend County Juvenile Probation Department.

Additionally, I will not have any contact with the victim, or any family member of the victim, either in person, in writing, by phone, through another person, or by any other method. *other than Court ordered conduct.*

7. I will not use or possess narcotics, marijuana, cocaine, alcoholic beverages, tobacco, cigarettes, inhalants, drug paraphernalia, or any habit forming drug. I will not place or add a tattoo on my person, nor have another place or add tattoo on my person.

8. I will submit to random urine surveillance as instructed by the Fort Bend County Juvenile Probation Department, at a minimum of once per month.

9. I will permit a Fort Bend County Juvenile Probation Officer (JPO) or agent to visit me at my home, school, or elsewhere upon the JPO's discretion.

10. I will not possess a firearm, knife, or any weapon.

11. I will complete 100 hours of community service restitution under the direction of the Fort Bend County Juvenile Probation Department by the _____ day of _____, 20____.

12. I will obey the following additional rules of my probation:

    A. __✓__ Submit to a social, drug and/or psychological assessment as directed by the Court and follow all recommendations made.

    B. __✓__ Participate in, until properly discharged by the authorities of the program, or further order of the Court, counseling through the Fort Bend Juvenile Probation Contract Services.

    C. __X__ Parent(s)/guardian(s), ███████████████ is to participate, in parenting education, or other services deemed appropriate and so ordered by the Court.

    D. __X__ Attend a Motivational Boot Camp Day as recommended by the Fort Bend County Juvenile Probation Department.

    E. __X__ Write a one page apology letter to the victim, and submit said letter to the Fort Bend County Juvenile Probation Department by the 17TH day of MAY, 2008.

    F. _____ Write a _____ word essay, and submit said essay to the Juvenile Probation Department by the _____ day of _____, 20____, on the following topic: _____.

    G. _____ Obtain suitable employment as approved by the Court and the Fort Bend County Juvenile Probation Department.

    H. _____ Pay restitution in the amount of $_____ to _____ at a rate of $_____ per month on or before the _____ day of each month until paid in full beginning the _____ day of _____, 20____, through the Fort Bend County Juvenile Probation Department.

## COURT APPOINTED ATTORNEY'S FEES

The Court finds that ██████████ and ██████████ is/are the person(s) responsible for supporting ██████████ and after notice was/were given a reasonable opportunity to be heard concerning the ability to reimburse Fort Bend County, Texas, for compensation paid to appoint counsel for defending the child.

_____ The Court finds that said person(s) is/are able to pay a fee in the amount of $_____ to reimburse Fort Bend County, Texas, for compensation paid to appoint counsel at a rate of $_____ per month until the amount has been paid in full beginning the _____ day of _____, 20_____.

_____ The Court finds that said person(s) is/are unable to reimburse Fort Bend County, Texas, for compensation paid to appoint counsel, and it is hereby waived.

The child and parties were informed in open Court of the right to appeal pursuant to Chapter 56 of the Texas Family Code.

Signed this the _14_ day of _March_, 20_08_.

_____
Judge Presiding

I hereby certify that I received a copy of the ORDER OF DISPOSITION FOR PROBATION AND CONDITIONS OF PROBATION in the above entitled and numbered cause.

LEFT THUMB
PRINT

Child _____

Attorney for Child

Receipt of these orders in open Court acknowledged by the undersigned:

_____        _____
Parent/Guardian/Custodian                        Parent/Guardian/Custodian

FILED FOR RECORD

NO_____ TIME_____ P.M

MAR 1 4 2008

_____        _____
Juvenile Probation Officer                         Assistant District Attorney

County Clerk Fort Bend Co. Tex.

# APPENDIX "D"

NO. 13620

IN THE MATTER OF  § IN THE COUNTY COURT AT LAW NO. 3

§ OF FORT BEND COUNTY, TEXAS

█████████████████ § SITTING AS A JUVENILE COURT

### ORDER DEFERRING SEX OFFENDER REGISTRATION

On the **14TH DAY OF MARCH, 2008**, this Court sitting as a Juvenile Court, came to be heard the adjudication of the above referenced cause. On said date the State of Texas, by and through its Assistant District Attorney, **TYRA JONES McCOLLUM**, and the child, █████████████████, along with his attorney, **MICHAEL DEGEURIN, JR.**, appeared and announced ready; thereupon the Court, after hearing the pleadings of all parties and hearing the evidence and arguments of counsel, made the following findings:

That █████████████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly cause the penetration of the mouth of "Bo Pilgrim", a pseudonym, a child who was then and there younger than 14 years of age and not the spouse of the Respondent, by the Respondent's sexual organ; and that this act is a violation of section 22.021 of the Texas Penal Code.

Additionally, that █████████████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly

07-CJV-013620
ORDER
Order
1277031

000049

engage in sexual contact with "Bo Pilgrim", a pseudonym, a child younger than 17 years and not the spouse of the said Respondent, by then and there having "Bo Pilgrim", a pseudonym, touch part of the genitals of the said Respondent with intent to arouse and gratify the sexual desire of the said Respondent; and this act is in violation of section 21.11 of the Texas Penal Code.

On the **14TH DAY OF MARCH, 2008**, all parties being present, the Court reconvened for the disposition hearing, at which time the Court determined that the child is in need of rehabilitation and for the protection of the public and of the child, a disposition must be made. The Court then placed the child on probation for a period of two (2) years.

Said parties presently agree to **DEFER** the issue of whether ███ ███████ should be required to register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure until after such time as Respondent has participated in and /or completed a sex offender treatment program while on Court ordered probation. Such parties further agreed that said deferment ends upon the completion of the child's probation or the child's release and/or parole by the Texas Youth Commission, if ever so committed.

Therefore, the Court makes the following findings:

The interests of the public require that a decision on the issue of whether ████████ ███████ should be required to register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure be **DEFERRED** until Respondent has participated in and

/ or completed a sex offender treatment program while on probation or while committed to the Texas Youth Commission, if ever so committed, said period of deferment to expire upon the child's completion of probation or release and/or parole by the Texas Youth Commission.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that** ███████ ███████ **shall not** register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure during said period of deferment.

This Court retains discretion to require or to excuse registration at any time during the treatment program or upon its successful or unsuccessful completion.

SIGNED and ENTERED this the **14TH DAY OF MARCH, 2008.**

_____
Judge, County Court at Law No. 3
Sitting as a Juvenile Court
Fort Bend County, Texas

FILED FOR RECORD
NO_____TIME_____A.M.
                              P.M.

MAR 1 4 2008

County Clerk Fort Bend Co Tex.

000051

# APPENDIX "E"



07-CJV-013620
ORDER
Order
1200147

07·CJV·0

CAUSE NO. 13620

| IN THE MATTER OF | § | IN COUNTY COURT AT LAW NO. 3 |
| --- | --- | --- |
| | § | OF FORT BEND COUNTY, TEXAS |
| ███████████████████ | § | SITTING AS A JUVENILE COURT |

## ORDER FOR SEX OFFENDER REGISTRATION

ON THIS DATE came on to be heard the State's Motion for Sex Offender Registration. Juvenile Court, came to be heard the adjudication of the above referenced cause. On said date the State of Texas, by and through its Assistant District Attorney, SUZIE JOHNSON, and the child, ████████████ along with his attorney, MICHAEL DEGEURIN JR., appeared and announced ready; thereupon the Court, after hearing the pleadings of all parties and hearing the evidence and arguments of counsel, made the following findings:

That ███████████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly cause the penetration of the mouth of "Bo Pilgrim", a pseudonym, a child who was then and there younger than 14 years of age, and not the spouse of the Respondent, by the Respondent's sexual organ; and that this act is a violation of Texas Penal Code § 22.021; and

Additionally, that ██████████████ on or about July 28, 2007, in Fort Bend County, Texas, did then and there intentionally and knowingly engage in sexual contact with "Bo Pilgrim," a pseudonym, a child younger than 17 years and not the spouse of the said Respondent, by then and there having "Bo Pilgrim," a pseudonym, touch part of the genitals of the said Respondent with intent to arouse and gratify the sexual desire of the said Respondent; and that this act is a violation of Texas Penal Code § 21.11.

On March 14, 2008, all parties being present, the Court held the disposition hearing, at which time the Court determined that the child is in need of rehabilitation and for the protection of the public and of the child, a disposition must be made. The Court then placed the child on probation for a period of two (2) years.

Therefore, the Court makes the following findings:

1) The protection of the public would be increased by registration of the Respondent under Chapter 62 of the Texas Code of Criminal Procedure; and

2) Any potential increase in protection of the public resulting from registration

1

000160

is not clearly outweighed by any anticipated substantial harm to the Respondent and the Respondent's family that would result from registration under Chapter 62 of the Texas Code of Criminal Procedure.

The court finds that ████████████████ did not successfully participate in and/or complete the required sex offender treatment program; and that the interests of the public require that ████████████████ should be required to register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure; and that this Court retains discretion to require or to excuse registration at any time during the treatment program or on its successful or unsuccessful completion.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that ████████ ████████ **SHALL** register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that said sex offender registration shall be PRIVATE; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that said registration shall be reconsidered by this Court 12 months from the date of this Order; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that ████████ ████████ shall have the right to appeal this Order.

SIGNED AND ENTERED on the ____22____ day of ____June____, 2011.

FILED FOR RECORD

NO._____TIME_____ A.M.
                         P.M

JUN 22 2011

*Dianne Wilson*
County Clerk Fort Bend Co. Tex.

HON. SUSAN LOWERY, JUDGE
SITTING AS A JUVENILE COURT
FORT BEND COUNTY, TEXAS

2

000161

# APPENDIX "F"

CAUSE NO. 13620

| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW NO.3 |
|---|---|---|
| | § | OF FORT BEND COUNTY TEXAS |
| ████████████ | § | SITTING AS A JUVENILE COURT |

## ORDER

The Court finds that Mr. ████████████ is indigent and unable to hire an attorney for his appeal.

IT IS HEREBY ORDERED, that

> Mr. William B. Connolly
> 2930 Revere Street, Suite 300
> Houston, Texas 77098
> (281) 506-0086 (telephone no.)
> (713) 520-6644 (facsimile no.)

is appointed to represent ████████████ in his appeal.

Signed September 30 , 2011, in Richmond, Texas.

JUDGE SUSAN LOWERY
COUNTY COURT AT LAW #3
FORT BEND COUNT, TEXAS

FILED
2011 SEP 30 AM 10:20
Dianne Wilson
COUNTY CLERK
FORT BEND COUNTY TEXAS

# APPENDIX "G"



# JUDGMENT

## The Fourteenth Court of Appeals

IN THE MATTER OF R.A.

NO. 14-11-00570-CV

_____

This cause, an appeal from the judgment signed, June 22, 2011, was heard on the transcript of the record. We have inspected the record and find no error in the judgment. We order the judgment of the court below **AFFIRMED**. We order R.A. to pay all costs incurred in this appeal. We further order this decision certified below for observance.

# APPENDIX "H"

**Affirmed and Opinion filed April 30, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00570-CV

---

## IN THE MATTER OF R.A.

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 07-CJV-013620**

---

# O P I N I O N

This case involves an appeal from a juvenile court's order requiring a person who had been found to have committed aggravated sexual assault as a juvenile to privately register as a sex offender under article 62.352(b)(2) of the Texas Code of Criminal Procedure. We affirm the trial court's order requiring private registration. We conclude that we lack appellate jurisdiction over a subsequent order of the trial court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant R.A. was alleged to have engaged in delinquent conduct by committing the offenses of aggravated sexual assault and indecency with a child. At the time of these offenses, R.A. was fourteen years old and the victim was six years old.  R.A. stipulated to the truth of the allegations in the petition.  In March 2008, when R.A. was fifteen years old, the trial court, sitting as a juvenile court (hereinafter the "Juvenile Court"), signed an adjudication order in which it found that R.A. had engaged in delinquent conduct.  On the same day, after a disposition hearing, the trial court signed a disposition order in which the Juvenile Court found that R.A. was in need of rehabilitation and that the protection of the public and of R.A. required a disposition to be made.  The Juvenile Court placed R.A. on probation for two years, subject to various conditions.

On the same day the Juvenile Court signed the disposition order, the Juvenile Court also signed an "Order Deferring Sex Offender Registration."  In this order, the Juvenile Court deferred its decision as to whether R.A. should be required to register as a sex offender under Chapter 62 of the Code of Criminal Procedure.[1] The Juvenile Court stated that the period of deferment would expire upon R.A.'s completion of probation or release or parole by the Texas Youth Commission.[2] The record indicates that R.A.'s probation ended in March 2010, when he was seventeen years old.

In October 2010, the State filed a motion in which it requested that the

---

[1] Unless otherwise specified, all statutory references in this opinion are to the Texas Code of Criminal Procedure.

[2] The record reflects that R.A. was not committed to the Texas Youth Commission.

Juvenile Court order R.A. to register as a sex offender pursuant to subchapter H of Chapter 62. The State asserted that registration protects the public and that any potential increase in protection of the public resulting from registration of R.A. is not clearly outweighed by the anticipated substantial harm to R.A. and R.A.'s family resulting from registration. R.A. objected to and opposed the State's motion, asserting that the Juvenile Court's jurisdiction over R.A. ended when he completed probation in March 2010, and that the State waived its right to request registration by failing to request an order requiring registration until seven and a half months after R.A. completed probation.

The Juvenile Court held a hearing on the State's motion in February 2011. At the hearing, the State called as witnesses R.A.'s probation officer, the probation department's psychology supervisor, and a therapist who ran a treatment group that R.A. attended. The probation department recommended that R.A. be required to register. R.A. called as witnesses his mother, grandmother, grandfather, and his private therapist. His relatives testified that he had made marked improvements in his behavior and that registration would be harmful. His therapist testified that R.A. had made lots of changes and that he was not a threat to society. His therapist recommended that he not be required to register.

In June 2011, when R.A. was eighteen years old, the Juvenile Court signed an order in which it found as follows:

- The protection of the public would be increased by R.A. registering under Chapter 62;

- Any potential increase in protection of the public resulting from registration of R.A. is not clearly outweighed by any anticipated substantial harm to R.A. and R.A.'s family that would result from registration under Chapter 62;

- R.A. did not successfully participate in or complete the required sex-

offender-treatment program; and

- The interests of the public require R.A. to register as a sex offender under Chapter 62.

The Juvenile Court ordered that R.A. register as a sex offender under Chapter 62 and that this sex-offender registration be private. In addition, the trial court ordered that "said registration shall be reconsidered by this Court 12 months from the date of this Order." R.A. appealed this order (the "First Order"), generating this appeal.[3]

While R.A.'s appeal was pending in this court, the trial court, acting *sua sponte*, held a hearing to consider whether it should change the registration requirement in the First Order. The second hearing occurred in March 2013, twenty months after the Juvenile Court signed the First Order. In April 2013, when R.A. was twenty years old, the Juvenile Court signed an order (the "Second Order") in which the court ordered R.A. to continue to register privately as a sex offender. R.A. has not filed a notice of appeal from the Second Order.

Before the Juvenile Court issued the Second Order, this court granted the State and R.A.'s request that this appeal be abated pending the trial court's second hearing and order, given that the Second Order might moot this appeal. After the trial court signed the Second Order, this appeal was reinstated. The State and R.A. have filed supplemental briefing. In his supplemental briefing, R.A. continues to assert his prior challenges to the First Order. In addition, R.A. challenges the Second Order, arguing that the Juvenile Court abused its discretion in admitting certain evidence at the second hearing and in ordering that R.A. continue with the

---

[3] This appeal is under article 62.357(b). *See* Tex. Code Crim. Proc. Ann. art. 62.357(b) (West, Westlaw through 2013 3d C.S.).

4

private sex-offender registration.

## I.  JURISDICTION

Before addressing R.A.'s issues, we first must address this court's jurisdiction over the appeal.  R.A. filed a notice of appeal in June 2011.  Two days later, the trial court signed the First Order.  In that order, the trial court stated that in twelve months it would reconsider its order requiring private registration by R.A.  Consistent with this statement, the trial court, acting *sua sponte*, held a hearing in March 2013, to consider whether it should change the registration requirement in the First Order.  In April 2013, the trial court signed the Second Order, declining to change the registration requirement in the First Order.  Neither R.A. nor the State filed a notice of appeal from the Second Order.

### A.    Appellate Jurisdiction over the First Order

R.A. asserts that the Juvenile Court lacked jurisdiction over the First Order. If the Juvenile Court lacked jurisdiction over the First Order, this court lacks jurisdiction over this appeal from the First Order.  *See Curry v. Harris County Appraisal District*, 434 S.W.3d 815, 820 & n.2 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  A juvenile adjudicated of delinquent conduct based on the offense of aggravated sexual assault or the offense of indecency with a child generally is required to register as a sex offender.  *See* Tex. Code Crim. Proc. Ann. arts. 62.001(5), 62.051 (West, Westlaw through 2013 3d C.S.).  But, the person adjudicated of such delinquent conduct may move the juvenile court in which he was adjudicated for an exemption from the registration requirement.  Tex. Code Crim. Proc. Ann. art. 62.351(a) (West, Westlaw through 2013 3d C.S.).  If such a motion is filed, the juvenile court shall conduct a hearing to determine whether the interests of the public require registration under Chapter 62.  Tex. Code Crim.

5

Proc. Ann. art. 62.351(a) (West, Westlaw through 2013 3d C.S.). After such a hearing, the juvenile court shall enter an order exempting the movant from registration under Chapter 62 if the court determines that (1) the protection of the public would not be increased by registration of the movant under this chapter; or (2) any potential increase in protection of the public resulting from registration of the respondent is clearly outweighed by the anticipated substantial harm to the movant and the movant's family that would result from registration under Chapter 62. Tex. Code Crim. Proc. Ann. art. 62.352(a) (West 2006). After this hearing, the juvenile court also may enter an order in which the court (1) defers a decision on requiring registration under Chapter 62 until the movant has completed treatment for the movant's sexual offense as a condition of probation or while committed to the Texas Youth Commission; or (2) requires the movant to register as a sex offender but provides that the registration information is not public information and is restricted to use by law enforcement and criminal justice agencies, the Council on Sex Offender Treatment, and public or private institutions of higher education. *See id*. art. 62.352(b).

If the juvenile court enters an order in which it defers a decision on requiring registration, the court retains discretion and jurisdiction to require, or exempt the movant from, registration under Chapter 62 "at any time during the treatment or on the successful or unsuccessful completion of the treatment," except that during the period of deferral, registration may not be required. *Id*. art. 62.352(c). Following successful completion of treatment, the movant is exempted from registration under this chapter unless a hearing under this subchapter is held on motion of the state, regardless of whether respondent is eighteen years of age or older, and the court determines the interests of the public require registration. *See id*.

6

On the same day the Juvenile Court signed the disposition order, the Juvenile Court also signed a deferral order, stating that the State and R.A. both agreed that the court should defer its decision as to whether R.A. should be required to register as a sex offender under Chapter 62 until after R.A. had participated in or completed a sex-offender treatment program while on court-ordered probation. The Juvenile Court deferred its decision as to whether R.A. should be required to register as a sex offender under Chapter 62 until R.A. had participated in or completed a sex-offender treatment program while on probation or while committed to the Texas Youth Commission, if ever so committed. The Juvenile Court stated that the period of deferment would expire upon R.A.'s completion of probation or release or parole by the Texas Youth Commission. In the order, the Juvenile Court also stated that it retained discretion to require or excuse registration at any time during the treatment program or upon its successful or unsuccessful completion. We conclude that the trial court had jurisdiction to render this order, which was a valid order under article 62.352(b)(1), in which the Juvenile Court deferred consideration of this issue until R.A.'s completion of probation or release or parole by the Texas Youth Commission. *Id.* art. 62.352(b)(1). R.A. was not committed to the Texas Youth Commission, and the record indicates that he completed probation in March 2010. R.A. does not contend otherwise; rather, he argues that the Juvenile Court lost jurisdiction because the State did not move the Juvenile Court to decide whether R.A. should be required to register as a sex offender under Chapter 62 until seven and a half months after R.A. completed probation and the deferral period ended.

We conclude that the State filed its motion under article 62.352(c). *Id.* art. 62.352(b)(1). We now address whether the Juvenile Court had jurisdiction to rule on this motion and to decide whether R.A. should be required to register as a sex-

offender under Chapter 62 in June 2011, more than fifteen months after R.A. completed probation and after R.A. had turned eighteen years old.

Before we address this specific issue, we consider the decision of the Supreme Court of Texas in *In re N.J.A.* and general principles regarding the jurisdiction of a juvenile court. *See In re N.J.A.*, 997 S.W.2d 554 (Tex. 1999). In *In re N.J.A.*, the high court concluded that a juvenile court is not a court of general jurisdiction. *See id*. at 555. The *N.J.A.* court construed the version of Family Code section 54.05(b) that was applicable to that case to mean that a juvenile court lacked jurisdiction to conduct a disposition or adjudication hearing after the respondent is eighteen years old. *See id*. The *N.J.A.* court concluded that, when a respondent turns eighteen, the juvenile court's jurisdiction is limited to transferring the case to the appropriate district court or criminal district court or dismissing the case. *See id*. at 555–56. The *N.J.A.* court did not address Family Code section 51.042, which then, as now, provided that if a child does not object to the juvenile court's lack of jurisdiction due to the child's age at the adjudication hearing or discretionary-transfer hearing, the child waives the right to object to the juvenile court's lack of jurisdiction based on the child's age at a later hearing, or on appeal. *See id*. The *In re N.J.A.* court held that, because the respondent in that case turned eighteen before the disposition hearing, the juvenile court's jurisdiction was limited to transferring the case to the appropriate district court or criminal district court or to dismissing the case but that the court lacked jurisdiction to render an adjudication or disposition order. *See id*.

It might appear that the *In re N.J.A.* court concluded that once a respondent turns eighteen, the juvenile court only has jurisdiction to transfer the case to the appropriate district court or criminal district court or to dismiss the case. *See id*.

8

The better reading of this precedent, however, is that the high court concluded that (1) juvenile courts are courts of limited jurisdiction, rather than general jurisdiction; (2) therefore, their jurisdiction must be based on an applicable statute; and (3) under the statutes applicable in *In re N.J.A.*, the juvenile court only had jurisdiction to transfer the case to the appropriate district court or criminal district court or to dismiss the case. *See id.*

Subsequent cases support this view of *In re N.J.A. See In re B.R.H.*, 426 S.W.3d 163, 166-68 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re T.A.W.*, 234 S.W.3d 704, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). In *In re T.A.W.*, the adjudication hearing did not begin until after the respondent had turned eighteen. *See In re T.A.W.*, 234 S.W.3d at 705. This court cited *In re N.J.A.* for the proposition that, although a juvenile court does not lose jurisdiction when a juvenile turns eighteen, such jurisdiction is *generally* limited to either transferring the case under Family Code section 54.02(j) or dismissing the case. *See id.* Although the juvenile court in *In re T.A.W.* conducted the adjudication hearing after the respondent had turned eighteen, this court did not conclude, as the *In re N.J.A.* court did, that the juvenile court lacked jurisdiction to conduct an adjudication hearing or render an adjudication order; rather, this court affirmed the trial court's adjudication order after concluding that the respondent had waived any objection to the trial court's lack of jurisdiction by failing to object at the adjudication hearing, as required by Family Code section 51.042. *See* Tex. Family Code Ann. § 51.042 (West, Westlaw through 2013 3d C.S.). Thus, the *In re T.A.W.* court interpreted *In re N.J.A.* as requiring that the applicable statutes be construed to determine whether the trial court's order could be reversed for lack of jurisdiction. *See In re T.A.W.*, 234 S.W.3d at 705.

9

Likewise, in *In re B.R.H.*, the court of appeals held that the juvenile court did not abuse its discretion in refusing to dismiss, and retaining for adjudication, a petition alleging delinquent conduct against a respondent who had turned eighteen. *See In re B.R.H.*, 426 S.W.3d at 166-68. The court based its ruling on Family Code section 51.0412, which was enacted after *In re N.J.A.* was decided. *See* Tex. Family Code Ann. § 51.0412 (West, Westlaw through 2013 3d C.S.) (providing that a juvenile court retains jurisdiction over a person, without regard to the age of the person, who is a respondent in an adjudication proceeding, a disposition proceeding, a proceeding to modify disposition, a proceeding for waiver of jurisdiction and transfer to criminal court under section 54.02(a), or a motion for transfer of determinate sentence probation to an appropriate district court under certain circumstances). The *In re B.R.H.* court correctly concluded that to the extent *In re N.J.A.* indicates that a juvenile court lacks jurisdiction to conduct a disposition or adjudication hearing that falls within the scope of section 51.0412 after the respondent turns eighteen, Family Code section 51.0412 supersedes that decision. *See* Tex. Family Code Ann. § 51.0412; *In re B.R.H.*, 426 S.W.3d at 167.

A juvenile adjudicated of delinquent conduct based on one of the offenses listed in article 62.001(5) (including the offenses of aggravated sexual assault and indecency with a child) is required to register as a sex offender unless exempted from registration under subchapter H of Chapter 62. *See* Tex. Code Crim. Proc. Ann. arts. 62.001(5), 62.051, 62.351, *et seq*. Under Texas Family Code section 54.05(a), various dispositions, including R.A.'s disposition, may not be modified on or after the child's eighteenth birthday. *See* Tex. Family Code Ann. § 54.05(a), 54.05(a) (West, Westlaw through 2013 3d C.S.). Under Texas Family Code section 54.05(b), various dispositions, including R.A.'s disposition, automatically terminate on the child's eighteenth birthday. *See* Tex. Family Code Ann. §

10

54.05(b). Nonetheless, the duty to register as a sex offender arises from Chapter 62, and R.A.'s duty to register or any exemption therefrom is not part of the disposition that terminated on R.A.'s eighteenth birthday.[4]

Though it may be unusual for the Legislature to expand the jurisdiction of a juvenile court by enacting new provisions of the Code of Criminal Procedure, that is what has occurred in subchapter H of Chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.351, *et seq.*; *In re J.M.*, 2011 WL 6000778, at *1–3. The Legislature enacted these statutes after the Supreme Court of Texas's decision in *In re N.J.A.* *See In re N.J.A.*, 997 S.W.2d at 555–56. Thus, if the Juvenile Court acted under the authority of article 62.352 when it issued the First Order, the Juvenile Court had jurisdiction to do so. *See* Tex. Code Crim. Proc. Ann. art. 62.352; *In re J.M.*, 2011 WL 6000778, at *1–3. To the extent *In re N.J.A.* indicated that after the respondent turns eighteen, a juvenile court lacks jurisdiction to determine whether a respondent should be required to register as a sex offender, subchapter H of

---

[4] *See* Tex. Code Crim. Proc. Ann. art. 62.351(a) (stating that "[d]uring *or after* disposition of a case under Family Code section 54.04 for adjudication of an offense for which registration is required under this chapter, the juvenile court on motion of the respondent shall conduct a hearing to determine whether the interests of the public require registration under this chapter. The motion may be filed and the hearing held *regardless of whether the respondent is under 18 years of age*") (emphasis added); *id.* art. 62.352(c) (stating that "[f]ollowing successful completion of treatment, the respondent is exempted from registration under this chapter unless a hearing under this subchapter is held on motion of the prosecuting attorney, *regardless of whether the respondent is 18 years of age or older*, and the court determines the interests of the public require registration") (emphasis added); *id.* art. 62.353(a),(b) (providing that a person who has registered as a sex offender for an adjudication of delinquent conduct, regardless of when the delinquent conduct or the adjudication for the conduct occurred, may file a motion in the adjudicating juvenile court for a hearing seeking exemption from registration as provided by article 62.351 or an order that the registration be private, regardless of whether the person, at the time of filing the motion, is eighteen years of age or older); *In re J.M.*, No. 12-10-00159-CV, 2011 WL 6000778, at *1–3 (Tex. App.—Tyler Nov. 23, 2011, no pet.) (holding that, even following respondent's unsuccessful completion of treatment, the State may move for a hearing under subchapter H as to whether respondent should be required to register as a sex offender) (mem. op.).

11

Chapter 62 has superseded that decision. *See* Tex. Family Code Ann. § 51.0412; *In re B.R.H.*, 426 S.W.3d at 167. To the extent subchapter H of Chapter 62 provides the juvenile court authority to act and *In re N.J.A.* indicates that the juvenile court lacks jurisdiction because the respondent is eighteen or older, subchapter H of Chapter 62 has superseded *In re N.J.A. See* Tex. Code Crim. Proc. Ann. art. 62.351, *et seq.*; *In re B.R.H.*, 426 S.W.3d at 167; *In re J.M.*, 2011 WL 6000778, at *1–3.

Thus, we must determine whether the Juvenile Court acted under the authority of article 62.352. This statute provides in pertinent part as follows:

> (b) After a hearing under Article 62.351 or under a plea agreement described by Article 62.355(b), the juvenile court may enter an order:
>
> (1) deferring decision on requiring registration under this chapter until the respondent has completed treatment for the respondent's sexual offense as a condition of probation or while committed to the Texas Juvenile Justice Department; or
>
> (2) requiring the respondent to register as a sex offender but providing that the registration information is not public information and is restricted to use by law enforcement and criminal justice agencies, the Council on Sex Offender Treatment, and public or private institutions of higher education.
>
> (c) If the court enters an order described by Subsection (b)(1), the court retains discretion and jurisdiction to require, or exempt the respondent from, registration under this chapter at any time during the treatment or on the successful or unsuccessful completion of treatment, except that during the period of deferral, registration may not be required. Following successful completion of treatment, the respondent is exempted from registration under this chapter unless a hearing under this subchapter is held on motion of the prosecuting attorney, regardless of whether the respondent is 18 years of age or older, and the court determines the interests of the public require registration. Not later than the 10th day after the date of the respondent's successful completion of treatment, the treatment

12

provider shall notify the juvenile court and prosecuting attorney of the completion.

Tex. Code Crim. Proc. Ann. art. 62.352. We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

Under the unambiguous language of article 62.352(c), the Juvenile Court had discretion and jurisdiction to require, or exempt R.A. from registration under Chapter 62 "on the successful or unsuccessful completion of treatment." Tex. Code Crim. Proc. Ann. art. 62.352. The statute provides that, following successful completion of treatment, the respondent is exempted from registration as a sex offender unless a hearing under subchapter H of Chapter 62 is held on the motion of the prosecuting attorney. *See id*. Though article 62.352(c) provides jurisdiction to the juvenile court to require registration or exempt from registration on the successful or unsuccessful completion of treatment, the statute does not mention a presumed outcome or motion by the State if the respondent unsuccessfully completes treatment. *See id*. Nonetheless, a sister court has held that, even if the respondent unsuccessfully completes treatment, the State still may move for a hearing under article 62.352(c) and the juvenile court still may require registration

13

under this statute. *In re J.M.*, 2011 WL 6000778, at *1–3. We agree that, even if R.A. unsuccessfully completed treatment, the State still may move for a hearing under article 62.352(c) and the juvenile court still may require registration under this statute. *See* Tex. Code Crim. Proc. Ann. art. 62.352(c); *In re J.M.*, 2011 WL 6000778, at *1–3.

On appeal, R.A. asserts that he successfully completed treatment and that under article 62.352(c) he was exempted from registration as a sex offender unless a hearing was held on motion of the prosecuting attorney. According to R.A, he successfully completed treatment on March 14, 2010. The State did not move for a hearing until October 29, 2010, seven and a half months later. R.A. asserts that the State's motion had to be filed "very soon after" March 14, 2010, for the Juvenile Court to have jurisdiction under article 62.352(c). Because seven and a half months later is not "very soon after," R.A. claims that the Juvenile Court no longer could exercise jurisdiction.

In the First Order, the Juvenile Court specifically found that R.A. "did not successfully participate in and/or complete the required sex-offender treatment program." R.A. has not challenged this finding on appeal. Even so, we need not decide whether R.A. successfully completed treatment because we conclude that, whether or not R.A. successfully completed treatment, the State still had the ability to file a motion requesting a hearing on the issue of whether R.A. should be required to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.352(c); *In re J.M.*, 2011 WL 6000778, at *1–3.

As to the seven-and-a-half-month delay by the State in moving for a hearing, the interests of R.A. and of the public are best served by a motion by the State either during treatment or promptly thereafter. Nonetheless, the statute does not

provide a specific deadline for the State to file a motion or for a hearing to be held. We conclude that the seven-and-a-half month delay did not cause the Juvenile Court to lose jurisdiction to determine whether R.A. should be required to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. arts. 62.351, 62.352(c); *In re J.M.*, 2011 WL 6000778, at *1–3 (holding that juvenile court had jurisdiction to require respondent to register privately as a sex offender, in case in which State did not file motion for hearing until four and a half months after respondent unsuccessfully completed treatment). We conclude that, under articles 62.351 and 62.352(c) the Juvenile Court had jurisdiction to determine whether R.A. should be required to register as a sex offender and whether this registration should be public or private. *See* Tex. Code Crim. Proc. Ann. arts. 62.351, 62.352(c); *In re J.M.*, 2011 WL 6000778, at *1–3.

The State has suggested that the appeal from the First Order may have become moot due to the issuance of the Second Order. As we explain below, the Second Order did not supersede the First Order. A determination by this court that the Juvenile Court erred in requiring R.A. to register privately as a sex offender would have a direct effect on R.A.'s potential criminal liability for failing to register. *See* Tex. Code Crim. Proc. Ann. arts. 62.102 (West, Westlaw through 2013 3d C.S.). R.A.'s appeal from the First Order is not moot.

## B.   Appellate Jurisdiction over the Second Order

At the hearing in which the trial court issued the First Order, the Juvenile Court indicated it would revisit the issue in a year. Then, in the First Order, the Juvenile Court stated that its registration order would be "reconsidered" twelve months from the date of the First Order. R.A. timely appealed from the First Order. While R.A.'s appeal was pending in this court, the trial court, acting *sua*

15

*sponte*, held a hearing to consider whether it should change the registration requirement in the First Order. The second hearing occurred in March 2013, twenty months after the Juvenile Court signed the First Order. In April 2013, the Juvenile Court signed the Second Order, in which the court ordered R.A. to continue to register privately as a sex offender. Before the Juvenile Court issued the Second Order, this court granted the State's and R.A.'s request to abate this appeal pending the trial court's second hearing and order. R.A. has not filed a notice of appeal from the Second Order. After the trial court signed the Second Order, this court reinstated the appeal. A supplemental record relating to the Second Order has been filed with this court, and this court ordered the parties to file supplemental briefing.

R.A. filed a supplemental brief asserting issues challenging the Second Order. In its supplemental brief, the State questions whether this court has appellate jurisdiction to review the Second Order. R.A. asserts that this court has jurisdiction over the Second Order because he prematurely filed a notice of appeal or because the Second Order is a modification of the First Order under Texas Rule of Appellate Procedure 27.3.

R.A. argues that he did not need to file a second notice of appeal because his appeal from the First Order was a timely appeal of a final order. In the context of the procedures provided in subchapter H of Chapter 62, the First Order was a final order in which the Juvenile Court actually disposes of all claims and parties then before the court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001) (providing that a judgment that issues without a conventional trial is final for purposes of appeal if it actually disposes of all claims and parties then before the court or states with unmistakable clarity that it is a final judgment). R.A. timely

appealed from the First Order, and this court has jurisdiction over this appeal and R.A.'s challenges to the First Order.[5]

R.A. asserts that, if the First Order is interlocutory, then R.A. filed an effective premature notice of appeal under Texas Rule of Appellate Procedure 27.1(a), but the First Order is a final order and R.A. filed a notice of appeal from the First Order, not the Second Order. Though R.A. perfected an appeal from the First Order by filing a premature notice of appeal under Rule 27.1(a) two days before the Juvenile Court rendered the First Order, we cannot construe this notice of appeal as a premature notice of appeal from the Second Order, which the trial court rendered twenty-one months later. *See* Tex. R. App. P. 27.1(a).

Texas Rule of Appellate Procedure 27.3 provides:

After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

Tex. R. App. P. 27.3. In the Second Order, the trial court found that the interests

_____

[5] Because the First Order is a final order, Texas Rule of Appellate Procedure 29.6(a) does not provide a basis for appellate jurisdiction over the Second Order. *See* Tex. R. App. P. 29.6(a) (stating that "[w]hile an appeal from an *interlocutory order* is pending, on a party's motion or on the appellate court's own initiative, the appellate court may review the following: (1) a further appealable interlocutory order concerning the same subject matter; and (2) any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal") (emphasis added).

17

of the public required that R.A. continue to register privately as a sex offender under Chapter 62 and that R.A.'s Texas Juvenile Sex Offender Risk Assessment, previously determined to be "high risk," should be reduced to "moderate risk." In the Second Order, the Juvenile Court then ordered that R.A. continue to register privately as a sex offender under Chapter 62 and that R.A.'s Texas Juvenile Sex Offender Risk Assessment should be reduced to "moderate risk."

The Second Order did not vacate or replace the Juvenile Court's First Order, nor did the Second Order modify the First Order. In the Second Order, the Juvenile Court evaluated whether or not the interests of the public required that R.A. continue to register privately as a sex offender at the time of the Second Order. The Juvenile Court did not address whether the interests of the public required that R.A. register privately as a sex offender at the time of the First Order or whether the First Order should be modified, vacated, or replaced. In the First Order, the trial court ordered R.A. to register privately as a sex offender under Chapter 62 and did not address R.A.'s Texas Juvenile Sex Offender Risk Assessment. In the Second Order, the trial court ordered R.A. to continue to register privately as a sex offender under Chapter 62 and reduced R.A.'s Texas Juvenile Sex Offender Risk to "moderate risk." Though the trial court may have modified R.A.'s risk assessment, that risk assessment was not contained in the First Order; therefore, the order reducing the risk assessment did not modify the First Order. Because the Juvenile Court did not modify, vacate, or replace the First Order in the Second Order, we conclude that this court does not have jurisdiction over the Second Order under Rule 27.3. *See* Tex. R. App. P. 27.3. Because no notice of appeal has been filed from the Second Order and because there is no other basis for this court to exercise appellate jurisdiction, we conclude that we lack appellate jurisdiction over the Second Order and R.A.'s issues challenging

18

that order.[6] *See Overka v. Bauri,* No. 14-06-00083-CV, 2006 WL 2074688 at *1 (Tex. App.—Houston [14th Dist.] Jul. 27, 2006, no pet.) (mem. op.).

## III. ISSUES AND ANALYSIS

### A. Did the trial court reversibly err in connection with the First Order?

In his first issue, R.A. asserts that the First Order should be reversed because the trial court committed procedural errors sufficient to cause an improper registration order. Under this issue, R.A. argues that the trial court conducted the hearing on the State's motion in contravention of the plea agreement between R.A. and the State, and that the Juvenile Court erred in denying his request to withdraw the plea. An appellate court reviews a respondent's challenge of an order requiring registration as a sex offender for procedural error and an abuse of discretion. *See* Tex. Crim. Proc. Code Ann. art. 62.357(b) (West, Westlaw through 2013 3d C.S.).

### 1. Did the trial court err in conducting the hearing in contravention of the plea agreement between the State and R.A.?

R.A. argues that he had an "agreed stipulation and plea agreement" with the State that limited the period of decision making on registration to the time R.A. was in treatment and during probation. According to R.A., the plea agreement exempted him from registration unless the State brought a motion to require registration within this time period. R.A. relies on the language in the court's order deferring registration to support his argument. He does not reference any other plea agreement and our record does not contain a separate plea agreement.

The court's order states in pertinent part:

---

[6] We do not address any issue relating to the Juvenile Court's jurisdiction to render the Second Order or the propriety of the Second Order.

[The State and R.A.] presently agreed to DEFER the issue of whether R.A. should be required to register as a sex offender pursuant to Chapter 62 of the Texas Code of Criminal Procedure until after such time as Respondent has participated in and/or completed a sex offender treatment program while on Court Ordered probation. Such parties further agreed that said deferment ends upon the completion of the child's probation or the child's release and/or parole by the Texas Youth Commission, if ever so committed.

The record reflects that R.A. and the State agreed to defer the issue of whether R.A. should be required to register as a sex offender pursuant to Chapter 62 until after such time as R.A. had participated in or completed a sex-offender treatment program while on court-ordered probation. As discussed above, the requirement that a respondent register under Chapter 62, or any exemption from this requirement, is not part of the respondent's disposition. *See* Tex. Code Crim. Proc. Ann. art. 62.351(a); *id.* art. 62.352(c); *id.* art. 62.353(a),(b); *In re J.M.*, No. 12-10-00159-CV, 2011 WL 6000778, at *1–3.

The language in this order reflects an agreement between the parties to defer the decision of whether R.A. should register as a sex offender. It articulates a time period during which registration will not be ordered, and it articulates the ending of that time period. The interval during which registration will not be ordered ends after R.A. completed probation. But, the order does not reflect that the parties agreed to limit the time period during which registration could be ordered after that date. Likewise, the language does not reflect any agreement by the State to limit the time period during which it could file a motion seeking an order requiring R.A. to register.

R.A. argues that the trial court's findings that it retained discretion to require or excuse registration at any time during the treatment program or upon successful

20

or unsuccessful completion show a limitation. First, this language does not reflect any agreement of the parties; it is a separate finding by the court. Second, that language does not limit the court's jurisdiction to any specific time period. Other than the order, R.A. does not point to any additional plea agreement that limited the State's ability to bring a motion. R.A.'s argument lacks merit.

## 2. *Did the trial court err in denying R.A.'s request to withdraw his plea?*

R.A. argues that the trial court erred in denying his request to withdraw his plea because the State violated its alleged plea agreement regarding disposition. As discussed above, the requirement that a respondent register under Chapter 62, or any exemption from this requirement, is not part of the respondent's disposition. *See* Tex. Code Crim. Proc. Ann. art. 62.351(a); *id.* art. 62.352(c); *id.* art. 62.353(a),(b); *In re J.M.,* No. 12-10-00159-CV, 2011 WL 6000778, at *1–3. Even as to the agreement to defer the issue of whether R.A. should be required to register as a sex offender pursuant to Chapter 62, R.A. has not shown that the State violated that agreement. The court did not abuse its discretion or commit procedural error in denying R.A.'s request to withdraw his plea or stipulation of evidence under Family Code 54.03(j). *See* Tex. Fam. Code Ann. 54.03(j). Having concluded that the arguments under the first issue lack merit, we overrule that issue.

## B. Did the trial court abuse its discretion in ordering R.A. to register privately as a sex offender?

In his second issue, R.A. asserts that the trial court erred in requiring him to register as a sex offender because any potential increase in protection to the public in requiring him to register was outweighed by the substantial harm to him. To be exempted, the respondent must show by a preponderance of the evidence that

protection of the public would not be increased by registration of the respondent or that any potential increase in protection of the public from registration is clearly outweighed by the anticipated substantial harm to the respondent and the respondent's family that would result from registration.[7] *Id.* art. 62.351(b), 62.352(a).

Generally, the test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the trial court acted arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under an abuse-of-discretion standard, legal and factual insufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *See Baltzer v. Medina*, 240 S.W.3d 469, 475 (Tex. App.—Houston [14th Dist.] 2007, no pet.). There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Id.*

At the hearing, the State presented evidence from R.A.'s probation officer, the probation department's psychology supervisor, and a therapist who ran a treatment group R.A. attended. The psychology supervisor testified that she evaluated R.A. in 2007 and diagnosed him with oppositional-defiant disorder, attention-deficit-hyperactivity disorder, borderline intellectual functioning, and provisional sexual abuse of a child, pending the outcome of R.A.'s adjudication. She noted that R.A. had a full scale IQ score of 55.

---

[7] R.A. argues that because he is exempt, unless the State brings a motion to require registration under article 62.352(c), this provision shifts the burden of proof to the State. We need not address this issue because we determine that even if this provision shifts the burden of proof, the State presented sufficient evidence to satisfy the burden of proof.

R.A.'s probation officer testified that R.A.'s behavior during detention was "uncontrollable." After R.A. completed detention, his school reported two concerning instances. In one instance, R.A. told a female student he could smell between her legs. In another instance, R.A. pushed a male into the bathroom. This instance concerned school personnel because there was a belief that R.A. instigated altercations to "get closer" to other males. The probation officer acknowledged a letter from R.A.'s school stating that after his probation ended, R.A. progressed at school and his discipline issues decreased. The probation department recommended public registration.

The therapist who ran R.A.'s treatment group testified that R.A. attended 42 group-therapy sessions with her between March 2008 and May 2009. The therapist testified that R.A. behaved appropriately and did his work throughout most of the program, but that he experienced a relapse in March 2009. The relapse involved an incident in which R.A. asked an eight-year-old male to "jack him off" while they were alone in the restroom together at the treatment group facility. The therapist questioned R.A. about the incident and R.A. admitted it had occurred. After the incident, R.A.'s mother withdrew him from the program. The therapist stated R.A. demonstrated aggressive and predatory behavior that she did not normally see in other children. Based on the repeated incidents, the therapist opined that R.A. was at a high risk to reoffend.

On cross-examination, the therapist admitted that R.A. was not supervised in the restroom at the time of the relapse even though he was supposed to be under 24-hour constant supervision at that time. She also acknowledged that there are concerns about treating people with lower mental capabilities in a big-group setting because they might not receive the individual attention they need. She testified

23

that a big group would be "more than eight, more than ten, 12" and admitted that R.A.'s group sometimes had more than a dozen juveniles.

R.A. presented testimony from his mother, grandmother, grandfather, and individual therapist. R.A.'s grandmother characterized the changes in R.A. between 2007 and the present as "day and night." She testified that she was proud of R.A.'s progress and had hired R.A.'s therapist to continue working with him after R.A.'s probation period ended. In her opinion, labeling R.A. as a sex offender and requiring him to register would unnecessarily prevent him from success. She believed R.A. would have a hard enough time in life because of his intellectual limitations. R.A.'s grandfather testified that R.A. had matured and had learned to cope with the issues by following the methods the doctor prescribed. R.A.'s grandfather stated that he thought R.A.'s life and career would be hampered by registration.

In her testimony R.A.'s mother described the teamwork put into place during R.A.'s probation, explaining how she had replaced the probation officer to continue the teamwork with R.A.'s school and counselor. She described R.A.'s progress at his school and the increasing freedoms he had gained because of that progress. She stated that recently R.A. had become very dependable and was taking pride in his schoolwork, especially in the culinary field. R.A.'s mother testified that R.A. now has career goals and has taken responsibility for his life. She stated that registration would hurt him by affecting his career and limiting where he attends school.

R.A.'s individual therapist described R.A.'s progress in therapy. He explained that R.A. had learned to identify how other people felt based on their emotions and had begun to learn how to relate to other human beings. He said

24

R.A.'s social skills had improved significantly and that R.A. had demonstrated good judgment in staying away from problems. According to the therapist, R.A. has identified his thinking errors. R.A.'s therapist opined that requiring registration could "destroy him." In his opinion, it would be an upward struggle for R.A. to become a semi-self-sustaining adult. The therapist thought that combining that struggle with the burden of being registered as a sex offender would erode R.A.'s motivation and would eradicate the progress made toward improving R.A.'s self-image. R.A.'s therapist stated that, in his professional judgment, requiring registration would be cruel. R.A.'s therapist stated, "I do not feel now or in the future he will be a threat to society. I really do not feel that."

R.A. argues that (1) the evidence did not show he was a current threat to the public, (2) the evidence supporting registration came from the beginning of his detention period, (3) the evidence presented did not outweigh evidence that registration would harm R.A., (4) ordering private registration negated the only argument that registration would protect the public, and (5) private registration does not increase protection to the public because the police database exists whether or not R.A. is required to register. In 2008, R.A. was adjudicated for having committed a serious sexual offense against a child. The State presented evidence that since that time there had been troubling incidents at school and a separate incident in which R.A. relapsed at his group-therapy treatment center. While the relapse occurred two years before the hearing, it is evidence that R.A. struggles with predatory behavior. This evidence is sufficient under the first inquiry to prove that R.A. is at risk to relapse and therefore registration will increase the public's protection. *See In the Matter of S.M.*, No. 12-12-00264-CV, 2013 WL 1046891, at *3 —S.W.3d—,— (Tex. App.—Tyler Mar. 13, 2013) (mem. op.) (finding sufficient evidence to require registration where juvenile relapsed).

25

R.A. presented compelling evidence that he has made significant progress, but the evidence also showed that R.A. has more progress to make. For example, the State presented testimony that an important component of treating sexual offenders is helping them to develop victim empathy. While R.A.'s therapist testified that he had made substantial social progress, including learning to identify people's emotions based on their facial expressions and learning how to greet people, the therapist also suggested that R.A. had further progress to make. He did not testify that R.A. had the ability to empathize with his victims. R.A.'s family members also conceded that R.A. has limitations that will make life extremely difficult. Everyone agreed that R.A. needed to continue therapy. While these limitations may make the requirement that he register as a sexual offender more difficult on R.A., they also show that R.A. is at an increased risk to reoffend and that makes the need to protect the public greater. *See In the Matter of B.M.*, No.2-07-153-CV, 2008 WL 281275, at *4 (Tex. App.—Fort Worth Jan. 31, 2008) (concluding there was sufficient evidence to support registration where juvenile's psychological evaluations showed high likelihood to reoffend and juvenile did not successfully complete treatment) (mem. op).

R.A. argues that the State did not refute his evidence that registration would hamper him and that the State did not show how private registration would protect the public. We do not doubt that registration will pose a hardship to R.A. At the same time, private registration restricts the information to use only by law-enforcement and criminal-justice agencies, the Council on Sex Offender Treatment, and public or private institutions of higher education. R.A. argues that private registration does not protect the public. But, private registration does provide notice to institutions of higher education. Given the concerns about incidents at R.A.'s high school and the evidence that he has further progress to

26

make, we conclude that the trial court did not abuse its discretion in implicitly determining that the protection of the public would be increased by registration and that any potential increase in protection of the public from registration was not clearly outweighed by the anticipated substantial harm to R.A. and R.A.'s family that would result from registration.[8] *See id.* Accordingly, R.A's second issue is overruled.

---

[8] R.A. argues that he is entitled to a reversal because there is no reporter's record from proceedings related to potential disciplinary issues that occurred during R.A.'s probation. He cites *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972) and *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. 1978), as standing for the proposition that an appellate court should reverse a judgment if a party, through no fault of his own, cannot obtain a record of prior proceedings. Under the *Rogers* line of cases, a party is at fault for the lack of a record if the party is present at a hearing and fails to object. *See Henning v. Henning*, 889 S.W.2d 611, 612–13 (Tex. App.—Houston [14th Dist.] 1994, writ denied). R.A. was present at the hearings and did not object to the failure to make a record. Accordingly, R.A. is not entitled to reversal on this ground.

## IV. CONCLUSION

We have jurisdiction over R.A.'s appeal from the First Order. But, R.A. did not appeal the Second Order, and we lack jurisdiction to review that order. The trial court had jurisdiction to render the First Order, and the State did not violate any agreement in filing its motion seven and a half months after R.A. completed probation. R.A. has not shown that the trial court committed procedural errors or abused its discretion in rendering the First Order.

The First Order is affirmed.


/s/    Kem Thompson Frost
       Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.

# APPENDIX "I"

Art. 62.351. MOTION AND HEARING GENERALLY.

(a)  During or after disposition of a case under Section 54.04, Family Code, for adjudication of an offense for which registration is required under this chapter, the juvenile court on motion of the respondent shall conduct a hearing to determine whether the interests of the public require registration under this chapter.  The motion may be filed and the hearing held regardless of whether the respondent is under 18 years of age.  Notice of the motion and hearing shall be provided to the prosecuting attorney.

(b)  The hearing is without a jury and the burden of persuasion is on the respondent to show by a preponderance of evidence that the criteria of Article 62.352(a) have been met.  The court at the hearing may make its determination based on:

> (1)  the receipt of exhibits;

> (2)  the testimony of witnesses;

> (3)  representations of counsel for the parties; or

> (4)  the contents of a social history report prepared by the juvenile probation department that may include the results of testing and examination of the respondent by a psychologist, psychiatrist, or counselor.

(c)  All written matter considered by the court shall be disclosed to all parties as provided by Section 54.04(b), Family Code.

(d)  If a respondent, as part of a plea agreement, promises not to file a motion seeking an order exempting the respondent from registration under this chapter, the court may not recognize a motion filed by a respondent under this article.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.

# APPENDIX "J"

Art. 62.352. ORDER GENERALLY.

(a)     The court shall enter an order exempting a respondent from registration under this chapter if the court determines:
   (1)     that the protection of the public would not be increased by registration of the respondent under this chapter; or
   (2)     that any potential increase in protection of the public resulting from registration of the respondent is clearly outweighed by the anticipated substantial harm to the respondent and the respondent's family that would result from registration under this chapter.

(b)     After a hearing under Article 62.351 or under a plea agreement described by Article 62.355(b), the juvenile court may enter an order:
   (1)     deferring decision on requiring registration under this chapter until the respondent has completed treatment for the respondent's sexual offense as a condition of probation or while committed to the Texas Juvenile Justice Department; or
   (2)     requiring the respondent to register as a sex offender but providing that the registration information is not public information and is restricted to use by law enforcement and criminal justice agencies, the Council on Sex Offender Treatment, and public or private institutions of higher education.

(c)     If the court enters an order described by Subsection (b)(1), the court retains discretion and jurisdiction to require, or exempt the respondent from, registration under this chapter at any time during the treatment or on the successful or unsuccessful completion of treatment, except that during the period of deferral, registration may not be required. Following successful completion of treatment, the respondent is exempted from registration under this chapter unless a hearing under this subchapter is held on motion of the prosecuting attorney, regardless of whether the respondent is 18 years of age or older, and the court determines the interests of the public require registration.  Not later than the 10th day after the date of the respondent's successful completion of treatment, the treatment provider shall notify the juvenile court and prosecuting attorney of the completion.

(d)     Information that is the subject of an order described by Subsection (b)(2) may not be posted on the Internet or released to the public.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.
Amended by: Acts 2013, 83rd Leg., R.S., Ch. 1299 (H.B. 2862), Sec. 4, eff. September 1, 2013.

# APPENDIX "K"

Art. 62.357.  APPEAL OF CERTAIN ORDERS.

(a)     Notwithstanding Section 56.01, Family Code, on entry by a juvenile court of an order under Article 62.352(a) exempting a respondent from registration under this chapter, the prosecuting attorney may appeal that order by giving notice of appeal within the time required under Rule 26.2(b), Texas Rules of Appellate Procedure.  The appeal is civil and the standard of review in the appellate court is whether the juvenile court committed procedural error or abused its discretion in exempting the respondent from registration under this chapter.  The appeal is limited to review of the order exempting the respondent from registration under this chapter and may not include any other issues in the case.

(b)     A respondent may under Section 56.01, Family Code, appeal a juvenile court's order under Article 62.352(a) requiring registration in the same manner as the appeal of any other legal issue in the case.  The standard of review in the appellate court is whether the juvenile court committed procedural error or abused its discretion in requiring registration.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.

# APPENDIX "L"

**THE TEXAS CONSTITUTION**
**ARTICLE 1. BILL OF RIGHTS**

### Sec. 19.  DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW.

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

# APPENDIX "M"

# TEXAS FAMILY CODE
## TITLE 3. JUVENILE JUSTICE CODE
## CHAPTER 51.  GENERAL PROVISIONS

### § 51.0412.  JURISDICTION OVER INCOMPLETE PROCEEDINGS.

The court retains jurisdiction over a person, without regard to the age of the person, who is a respondent in an adjudication proceeding, a disposition proceeding, a proceeding to modify disposition, a proceeding for waiver of jurisdiction and transfer to criminal court under Section 54.02(a), or a motion for transfer of determinate sentence probation to an appropriate district court if:

    (1)    the petition or motion was filed while the respondent was younger than 18 or 19 years of age, as applicable;

    (2)    the proceeding is not complete before the respondent becomes 18 or 19 years of age, as applicable; and

    (3)    the court enters a finding in the proceeding that the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before the respondent became 18 or 19 years of age, as applicable.

Added by Acts 2001, 77th Leg., ch. 1297, Sec. 5, eff. Sept. 1, 2001.

Amended by:
Acts 2007, 80th Leg., R.S., Ch. 908 (H.B. 2884), Sec. 4, eff. September 1, 2007.
Acts 2011, 82nd Leg., R.S., Ch. 438 (S.B. 1208), Sec. 1, eff. September 1, 2011.
Acts 2013, 83rd Leg., R.S., Ch. 1299 (H.B. 2862), Sec. 7, eff. September 1, 2013.

# APPENDIX "N"

**FAMILY CODE**
**TITLE 3. JUVENILE JUSTICE CODE**
**CHAPTER 51. GENERAL PROVISIONS**

## § 51.17. PROCEDURE AND EVIDENCE.

(a)  Except as provided by Section 56.01(b-1) and except for the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision under Section 54.03(f) or otherwise when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.

(b)  Discovery in a proceeding under this title is governed by the Code of Criminal Procedure and by case decisions in criminal cases.

(c)  Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Articles 33.03 and 37.07 and Chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title.

(d)  When on the motion for appointment of an interpreter by a party or on the motion of the juvenile court, in any proceeding under this title, the court determines that the child, the child's parent or guardian, or a witness does not understand and speak English, an interpreter must be sworn to interpret for the person as provided by Article 38.30, Code of Criminal Procedure.

(e)  In any proceeding under this title, if a party notifies the court that the child, the child's parent or guardian, or a witness is deaf, the court shall appoint a qualified interpreter to interpret the proceedings in any language, including sign language, that the deaf person can understand, as provided by Article 38.31, Code of Criminal Procedure.

(f)  Any requirement under this title that a document contain a person's signature, including the signature of a judge or a clerk of the court, is satisfied if the document contains the signature of the person as captured on an electronic device or as a digital signature.  Article 2.26, Code of Criminal Procedure, applies in a proceeding held under this title.

(g)  Articles 21.07, 26.07, 26.08, 26.09, and 26.10, Code of Criminal Procedure, relating to the name of an adult defendant in a criminal case, apply to a child in a proceeding held under this title.

(h)  Articles 57.01 and 57.02, Code of Criminal Procedure, relating to the use of a pseudonym by a victim in a criminal case, apply in a proceeding held under this title.

(i)  Except as provided by Section 56.03(f), the state is not required to pay any cost or fee otherwise imposed for court proceedings in either the trial or appellate courts.

Acts 1973, 63rd Leg., p. 1460, ch. 544, Sec. 1, eff. Sept. 1, 1973.  Amended by Acts 1995, 74th Leg., ch. 262, Sec. 14, eff. Jan. 1, 1996;  Acts 1999, 76th Leg., ch. 1477, Sec. 3, eff. Sept. 1, 1999;  Acts 2003, 78th Leg., ch. 283, Sec. 7, eff. Sept. 1, 2003.
Amended by:  Acts 2005, 79th Leg., Ch. 949 (H.B. 1575), Sec. 6, eff. September 1, 2005; Acts 2007, 80th Leg., R.S., Ch. 908 (H.B. 2884), Sec. 9, eff. September 1, 2007; Acts 2009, 81st Leg., R.S., Ch. 642 (H.B. 1688), Sec. 1, eff. September 1, 2009; Acts 2013, 83rd Leg., R.S., Ch. 1299 (H.B. 2862), Sec. 12, eff. September 1, 2013.

# APPENDIX "O"

**§ 54.03. ADJUDICATION HEARING.**

(a)  A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.

(b)  At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

> (1)  the allegations made against the child;

> (2)  the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

> (3)  the child's privilege against self-incrimination;

> (4)  the child's right to trial and to confrontation of witnesses;

> (5)  the child's right to representation by an attorney if he is not already represented;  and

> (6)  the child's right to trial by jury.

(c)  Trial shall be by jury unless jury is waived in accordance with Section 51.09. If the hearing is on a petition that has been approved by the grand jury under Section 53.045, the jury must consist of 12 persons and be selected in accordance with the requirements in criminal cases.  If the hearing is on a petition that alleges conduct that violates a penal law of this state of the grade of misdemeanor, the jury must consist of the number of persons required by Article 33.01(b), Code of Criminal Procedure.  Jury verdicts under this title must be unanimous.

(d)  Except as provided by Section 54.031, only material, relevant, and competent evidence in accordance with the Texas Rules of Evidence applicable to criminal cases and Chapter 38, Code of Criminal Procedure, may be considered in the adjudication hearing.  Except in a detention or discretionary transfer hearing, a social history report or social service file shall not be viewed by the court before the adjudication decision and shall not be viewed by the jury at any time.

(e)  A child alleged to have engaged in delinquent conduct or conduct indicating a need for supervision need not be a witness against nor otherwise incriminate himself.  An extrajudicial statement which was obtained without fulfilling the requirements of this title or of the constitution of this state or the United States, may not be used in an adjudication hearing.  A statement made by the child out of court is insufficient to support a finding of delinquent conduct or conduct indicating a need for supervision unless it is corroborated in whole or in part by other evidence.  An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon

the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct. Evidence illegally seized or obtained is inadmissible in an adjudication hearing.

(f) At the conclusion of the adjudication hearing, the court or jury shall find whether or not the child has engaged in delinquent conduct or conduct indicating a need for supervision. The finding must be based on competent evidence admitted at the hearing. The child shall be presumed to be innocent of the charges against the child and no finding that a child has engaged in delinquent conduct or conduct indicating a need for supervision may be returned unless the state has proved such beyond a reasonable doubt. In all jury cases the jury will be instructed that the burden is on the state to prove that a child has engaged in delinquent conduct or is in need of supervision beyond a reasonable doubt. A child may be adjudicated as having engaged in conduct constituting a lesser included offense as provided by Articles 37.08 and 37.09, Code of Criminal Procedure.

(g) If the court or jury finds that the child did not engage in delinquent conduct or conduct indicating a need for supervision, the court shall dismiss the case with prejudice.

(h) If the finding is that the child did engage in delinquent conduct or conduct indicating a need for supervision, the court or jury shall state which of the allegations in the petition were found to be established by the evidence. The court shall also set a date and time for the disposition hearing.

(i) In order to preserve for appellate or collateral review the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 33.1, Texas Rules of Appellate Procedure, before testimony begins or, if the adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation of evidence.

(j) When the state and the child agree to the disposition of the case, in whole or in part, the prosecuting attorney shall inform the court of the agreement between the state and the child. The court shall inform the child that the court is not required to accept the agreement. The court may delay a decision on whether to accept the agreement until after reviewing a report filed under Section 54.04(b). If the court decides not to accept the agreement, the court shall inform the child of the court's decision and give the child an opportunity to withdraw the plea or stipulation of evidence. If the court rejects the agreement, no document, testimony, or other evidence placed before the court that relates to the rejected agreement may be considered by the court in a subsequent hearing in the case. A statement made by the child before the court's rejection of the agreement to a person writing a report to be filed under Section 54.04(b) may not be admitted into evidence in a subsequent hearing in the case. If the court accepts the agreement, the court shall make a disposition in accordance with the terms of the agreement between the state and the child.

Acts 1973, 63rd Leg., p. 1460, ch. 544, Sec. 1, eff. Sept. 1, 1973. Amended by Acts 1975, 64th Leg., p. 2157, ch. 693, Sec. 17, eff. Sept. 1, 1975; Acts 1979, 66th Leg., p. 1098, ch. 514, Sec. 1, eff. Aug. 27, 1979; Acts 1985, 69th Leg., ch. 590, Sec. 2, eff. Sept. 1, 1985; Acts 1987, 70th Leg., ch. 385, Sec. 8, eff. Sept. 1, 1987; Acts 1987, 70th Leg., ch. 386, Sec. 3, eff. Sept. 1, 1987; Acts 1995, 74th Leg., ch. 262, Sec. 37, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 1086, Sec. 10, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1477, Sec. 9, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1297, Sec. 22, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 283, Sec. 17, eff. Sept. 1, 2003.
Amended by: Acts 2009, 81st Leg., R.S., Ch. 28 (H.B. 609), Sec. 1, eff. September 1, 2009.

# APPENDIX "P"

## § 54.05.  HEARING TO MODIFY DISPOSITION.

(a)  Except as provided by Subsection (a-1), any disposition, except a commitment to the Texas Youth Commission, may be modified by the juvenile court as provided in this section until:
  (1)  the child reaches:
    (A)  the child's 18th birthday; or
    (B)  the child's 19th birthday, if the child was placed on determinate sentence probation under Section 54.04(q); or
  (2)  the child is earlier discharged by the court or operation of law.

(a-1)  A disposition regarding conduct under Section 51.03(b)(2) may be modified by the juvenile court as provided by this section until the expiration of the period described by Section 54.0402.

(b)  Except for a commitment to the Texas Juvenile Justice Department or to a post-adjudication secure correctional facility under Section 54.04011, a disposition under Section 54.0402, or a placement on determinate sentence probation under Section 54.04(q), all dispositions automatically terminate when the child reaches the child's 18th birthday.

(c)  There is no right to a jury at a hearing to modify disposition.

(d)  A hearing to modify disposition shall be held on the petition of the child and his parent, guardian, guardian ad litem, or attorney, or on the petition of the state, a probation officer, or the court itself. Reasonable notice of a hearing to modify disposition shall be given to all parties.

(e)  After the hearing on the merits or facts, the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of other witnesses. On or before the second day before the date of the hearing to modify disposition, the court shall provide the attorney for the child and the prosecuting attorney with access to all written matter to be considered by the court in deciding whether to modify disposition. The court may order counsel not to reveal items to the child or his parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.

(f)  Except as provided by Subsection (j), a disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony may be modified so as to commit the child to the Texas Juvenile Justice Department or, if applicable, a post-adjudication secure correctional facility operated under Section 152.0016, Human Resources Code, if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. A disposition based on a finding that the child engaged in habitual felony conduct as described by Section 51.031 or in delinquent conduct that included a violation of a penal law listed in Section 53.045(a) may be modified to commit the child to the Texas Juvenile Justice Department or, if applicable, a post-adjudication secure correctional facility operated under Section 152.0016, Human Resources Code, with a possible transfer to the Texas Department of Criminal Justice for a definite term prescribed by, as applicable, Section 54.04(d)(3) or Section 152.0016(g), Human Resources

Code, if the original petition was approved by the grand jury under Section 53.045 and if after a hearing to modify the disposition the court finds that the child violated a reasonable and lawful order of the court.

(g)  Except as provided by Subsection (j), a disposition based solely on a finding that the child engaged in conduct indicating a need for supervision may not be modified to commit the child to the Texas Youth Commission.  A new finding in compliance with Section 54.03 must be made that the child engaged in delinquent conduct that meets the requirements for commitment under Section 54.04.

(h)  A hearing shall be held prior to placement in a post-adjudication secure correctional facility for a period longer than 30 days or commitment to the Texas Youth Commission as a modified disposition.  In other disposition modifications, the child and the child's parent, guardian, guardian ad litem, or attorney may waive hearing in accordance with Section 51.09.

(i)  The court shall specifically state in the order its reasons for modifying the disposition and shall furnish a copy of the order to the child.

(j)  If, after conducting a hearing to modify disposition without a jury, the court finds by a preponderance of the evidence that a child violated a reasonable and lawful condition of probation ordered under Section 54.04(q), the court may modify the disposition to commit the child to the Texas Juvenile Justice Department under Section 54.04(d)(3) or, if applicable, a post-adjudication secure correctional facility operated under Section 152.0016, Human Resources Code, for a term that does not exceed the original sentence assessed by the court or jury.

(k)  Repealed by Acts 2007, 80th Leg., R.S., Ch. 263, Sec. 64(2), eff. June 8, 2007.

(l)  The court may extend a period of probation under this section at any time during the period of probation or, if a motion for revocation or modification of probation is filed before the period of supervision ends, before the first anniversary of the date on which the period of probation expires.

(m)  If the court places the child on probation outside the child's home or commits the child to the Texas Juvenile Justice Department or to a post-adjudication secure correctional facility operated under Section 152.0016, Human Resources Code, the court:

(1)  shall include in the court's order a determination that:
(A)  it is in the child's best interests to be placed outside the child's home;
(B)  reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and
(C)  the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation; and

(2)  may approve an administrative body to conduct a permanency hearing pursuant to 42 U.S.C. Section 675 if required during the placement or commitment of the child.

Acts 1973, 63rd Leg., p. 1460, ch. 544, Sec. 1, eff. Sept. 1, 1973.  Amended by Acts 1979, 66th Leg., p. 1829, ch. 743, Sec. 1, eff. Aug. 27, 1979;  Acts 1983, 68th Leg., p. 162, ch. 44, art. 1, Sec. 4, eff. April 26, 1983;  Acts 1985, 69th Leg., ch. 45, Sec. 3, eff. Sept. 1, 1985;  Acts 1987, 70th Leg., ch. 385, Sec. 10, eff. Sept. 1, 1987;  Acts 1991, 72nd Leg., ch. 557, Sec. 3, eff. Sept. 1, 1991;  Acts 1995, 74th Leg., ch. 262, Sec. 42, eff. Jan. 1, 1996;  Acts 1999, 76th Leg., ch. 1448, Sec. 2, eff. Sept. 1, 1999;  Acts 1999, 76th Leg., ch. 1477, Sec. 11, eff. Sept. 1, 1999;  Acts 2001, 77th Leg., ch. 1297, Sec. 27, eff. Sept. 1, 2001;  Acts 2001, 77th Leg., ch. 1420, Sec. 5.002, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 283, Sec. 21, eff. Sept. 1, 2003.
Amended by: Acts 2005, 79th Leg., Ch. 949 (H.B. 1575), Sec. 15, eff. September 1, 2005; Acts 2007, 80th Leg., R.S., Ch. 263 (S.B. 103), Sec. 9, eff. June 8, 2007; Acts 2007, 80th Leg., R.S., Ch. 263 (S.B. 103), Sec. 64(2), eff. June 8, 2007; Acts 2011, 82nd Leg., R.S., Ch. 438 (S.B. 1208), Sec. 5, eff. September 1, 2011; Acts 2011, 82nd Leg., R.S., Ch. 1098 (S.B. 1489), Sec. 5, eff. September 1, 2011; Acts 2013, 83rd Leg., R.S., Ch. 1299 (H.B. 2862), Sec. 20, eff. September 1, 2013; Acts 2013, 83rd Leg., R.S., Ch. 1323 (S.B. 511), Sec. 4, eff. December 1, 2013.

# APPENDIX "Q"

# TEXAS GOVERNMENT CODE
## SECTION 22.001 - JURISDICTION

## § 22.001. JURISDICTION

(a) The supreme court has appellate jurisdiction, except in criminal law matters, coextensive with the limits of the state and extending to all questions of law arising in the following cases when they have been brought to the courts of appeals from appealable judgment of the trial courts:

(1) a case in which the justices of a court of appeals disagree on a question of law material to the decision;

(2) a case in which one of the courts of appeals holds differently from a prior decision of another court of appeals or of the supreme court on a question of law material to a decision of the case;

(3) a case involving the construction or validity of a statute necessary to a determination of the case;

(4) a case involving state revenue;

(5) a case in which the railroad commission is a party; and

(6) any other case in which it appears that an error of law has been committed by the court of appeals, and that error is of such importance to the jurisprudence of the state that, in the opinion of the supreme court, it requires correction, but excluding those cases in which the jurisdiction of the court of appeals is made final by statute.

(b) A case over which the court has jurisdiction under Subsection (a) may be carried to the supreme court either by writ of error or by certificate from the court of appeals, but the court of appeals may certify a question of law arising in any of those cases at any time it chooses, either before or after the decision of the case in that court.

(c) An appeal may be taken directly to the supreme court from an order of a trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality of a statute of this state. It is the duty of the supreme court to prescribe the necessary rules of procedure to be followed in perfecting the appeal.

(d) The supreme court has the power, on affidavit or otherwise, as the court may determine, to ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.

(e) For purposes of Subsection (a)(2), one court holds differently from another when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 1106, § 1, eff. June 20, 1987; Acts 2003, 78th Leg., ch. 204, § 1.04, eff. Sept. 1, 2003.

# APPENDIX "R"

**27.3. IF APPEALED ORDER MODIFIED OR VACATED**

After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

# APPENDIX "S"

**47.1.  WRITTEN OPINIONS**

The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.

# APPENDIX "T"

# TEXAS RULES OF CIVIL PROCEDURE

## RULE 301.  JUDGMENTS

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.  Provided, that upon motion and reasonable notice the court may render judgment *non obstante veredicto* if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence.  Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors.

# APPENDIX "U"

# UNITED STATES CONSITUTION

## <u>AMENDMENT V</u>

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

# APPENDIX "V"

# UNITED STATES CONSTITUTION
## AMENDMENT XIV

Section 1.  All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Section 2.  Representatives shall be apportioned among the several states according to their respective numbers, counting the whole number of persons in each state, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the executive and judicial officers of a state, or the members of the legislature thereof, is denied to any of the male inhabitants of such state, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such state.

Section 3.  No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any state legislature, or as an executive or judicial officer of any state, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

Section 4.  The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any state shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

Section 5.  The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.